543 P.2d 868.

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Robert Leroy FLORY and Frank L. Fuller, Defendants-Appellants.**

**No. 11810.**

Supreme Court of Idaho.

Dec. 16, 1975.

Dean E. Miller, of Miller, Weston & Tunnicliff, Caldwell, for defendants-appellants.

Wayne L. Kidwell, Atty. Gen., James W. Blaine, Deputy Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Chief Justice.

Defendants-appellants, Robert Leroy Flory and Frank L. Fuller (hereinafter appellants), were charged by information with the crime of attempted burglary in the first degree. A jury found the appellants guilty. The district court entered judgments of conviction and sentenced each appellant to the state penitentiary for a term not to exceed five years. Appellants bring this appeal from the judgments of conviction. A co-defendant was also found guilty but did not join in this appeal.

Appellants' sole assignment of error is the insufficiency of the evidence to sustain the verdicts. Two security guard-maintenance men for the Karcher Mall saw two of the three defendants at the outside freight door of the Lafayette Radio store

3. House Revenue and Taxation Report in Support of House Bill 222, p. 2 (1971).

in the early morning of June 5, 1974. The third defendant was seated in a car parked next to the sidewalk immediately in front of the freight door. Both security guards testified one of the men at the door had hold of the door knob. One security guard testified the second man was prying at the door with something in his hand. The Nampa City Police who were called, stopped the three defendants in their car as they drove out an exit of the shopping center parking lot.

Following requests for identification and a pat-down search for weapons, the arresting officers proceeded with the consent of the three defendants to search the car. The officers located two screwdrivers in the passenger compartment. The arresting officers and one of the security guards testified the freight door showed new paint chips and scratches on the edge of the door and on the bolt of the door lock. The security guard testified this was a change in the condition of the door from a security check made earlier the same night. The defendants were arrested and charged with attempted burglary in the first degree.

Resolution of conflicts in the evidence and the credibility of witnesses and the weight to be given their testimony are exclusively the function of the jury.[1] Where there is substantial and competent, though conflicting, evidence to sustain the verdict, it will not be disturbed on appeal.[2] We have reviewed the record and find there is sufficient evidence to sustain the jury's verdicts of guilty.

The judgments of conviction are *affirmed.*

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.

1. *State v. Ross*, 92 Idaho 709, 449 P.2d 369 (1968); *State v. Pruett*, 91 Idaho 537, 428 P.2d 43 (1967).

2. *State v. Bullis*, 93 Idaho 749, 472 P.2d 315 (1970); *State v. Bedwell*, 77 Idaho 57, 286 P.2d 641 (1955); *State v. Kleier*, 69 Idaho 491, 210 P.2d 388 (1949).