631 P.2d 1220

STATE of Idaho, Plaintiff-Respondent,

v.

Benny G. EVANS, Defendant-Appellant,

and

Harold D. Litz, Defendant.

No. 13397.

Supreme Court of Idaho.

May 28, 1981.

Rehearing Denied Aug. 17, 1981.

William J. Tway, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

DONALDSON, Justice.

Defendant-appellant Benny Evans appeals from a judgment of conviction of robbery. His sole contention on appeal is that there was insufficient corroboration of an accomplice's testimony under I.C. § 19–2117 to support his conviction.

On the night of January 17, 1979, two armed and masked men burst into the home of Mrs. Edna Stoner. At the time, Mrs. Stoner, Mrs. McGraw, Mr. Schell, and two children were in the home. While the men pushed Mrs. McGraw to the floor and bound her, Mrs. Stoner ran to the bedroom and attempted to call the police. One of the robbers followed her and forced her to discontinue her call before it had been completed.

During the robbery, Mrs. Stoner's life was threatened, she was forced to reveal where her purse and safe were located, and she was beaten. Twice she pulled down a perpetrator's ski mask to where she could observe his nose and eyes. She was eventually beaten unconscious. Prior to trial, defendant Evans moved to suppress Mrs. Stoner's identification testimony. The trial court ruled that her identification testimony must be limited to a statement that the eyes and nose that she observed when she pulled the mask down were similar to those of Evans. She so testified.

While the robbers bound Mrs. McGraw and dealt with Mrs. Stoner, Mr. Schell escaped from the house, unbeknownst to the robbers, and called the police. A police officer arrived at the house and observed the two robbers at the front door. When he advised them that he was a police officer, one of them stepped back inside the house closing the door behind him while the other one ran away. The one that went

into the house surrendered and was identified as Harold Litz. The police officer testified at trial that he was able to determine that Litz's accomplice was shorter than Litz and was wearing dark clothes and a dark colored ski mask with light coloring around the eyes.

At Evans's trial, Litz, an admitted accomplice of the crime, testified as to the general nature of the crime and identified Evans as his accomplice. Litz further testified that upon entering the house that he followed Mrs. Stoner into the bedroom and hung up the phone. He then ordered her to go out into the hallway where she hit him and pulled his ski mask down. Immediately upon Mrs. Stoner's pulling his ski mask down, Litz turned his head away and Evans knocked her to the floor by tackling her. Litz left Evans and Mrs. Stoner in order to search some of the other rooms in the house. When he returned, Evans was hitting Mrs. Stoner on top of the head with a pistol. Besides testifying that Evans was shorter than him, Litz identified the mask that Evans allegedly wore during the robbery.

The state's expert witness, a criminalist from the Idaho Forensic Laboratory, testified that she microscopically analyzed seven hairs which were recovered from a ski mask left at the scene. This mask was connected to the perpetrator who fled the scene by testimony of the victims and police investigators independently of any aid, direction or interpretation from the testimony of the accomplice. The expert witness compared the seven hairs recovered from the ski mask with known samples obtained from the defendant. She testified that Evans' hair had a wide range of characteristics which would mean that his hair would match with the hair of more people than the ordinary person. She concluded that one of the seven hairs from the mask was nonhuman, three were unsuitable for comparison, and one was microscopically similar in all areas of microscopic comparison with Evans' hair. Two hairs were similar to Evans' except as

to diameter. The witness could not rule out the possibility that these two hairs were from Evans. Defendant produced his own expert witness, a retired drug analyst and criminalist from the Idaho Forensic Laboratory. The defendant's expert witness testified that although it is possible to state that two hairs may have come from the same individual, it cannot be stated positively.

■ The jury was instructed that as a matter of law that Litz was an accomplice and that his testimony had to be corroborated. The jury found Evans guilty of robbery and conspiracy to commit robbery. Defendant filed a Motion for Judgment of Acquittal and Motion for New Trial on the grounds that the evidence was insufficient to sustain conviction and that the testimony of an alleged accomplice had not been corroborated as a matter of law. The district court denied the motions as to robbery and granted the acquittal of the conspiracy charge. In the trial court's Memorandum Decision and Order, it held that testimony of victim Edna Stoner and the state's expert witness were sufficient evidence as a matter of law if believed by the jury to corroborate the testimony of the accomplice that implicates Evans in the commission of the robbery. The court further explained that "[a]lthough [Mrs. Stoner's] testimony was conflicting and contradictory in some respects with testimony of the accomplice, it was possible for the jury to reconcile the conflicts because of the two separate occasions involved in pulling at a ski mask." The sole issue on appeal is whether there was sufficient corroboration of an accomplice's testimony under I.C. § 19–2117 to support Evans's conviction.

The controlling statute for this case is I.C. § 19–2117, which states:

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not suf-

ficient, if it merely shows the commission of the offense, or the circumstances thereof. [Cr.Prac.1864, § 374; R.S., R.C., & C.L., § 7871; C.S., § 8957; I.C.A., § 19–2017.]"

The degree of corroboration necessary to comply with the statute was announced in *State v. Gillum*, 39 Idaho 457, 463, 228 P. 334, 336 (1924):

"No general rule can be stated with respect to the *quantum* of evidence corroborating an accomplice's testimony which is necessary to warrant a conviction, each case must be governed by its own circumstances, keeping in view the nature of the crime, the character of the accomplice's testimony, and the general requirements with respect to corroboration. Where the circumstances point to the guilt of the accused, independent of the accomplice's testimony, such circumstantial evidence may be a sufficient corroboration of the accomplice's testimony to sustain a conviction. It is not necessary that the testimony of an accomplice be corroborated in every detail. Any corroborative evidence legitimately tending to connect the defendant with the commission of a crime may be sufficient to warrant a conviction, although standing by itself it would not be sufficient proof of defendant's guilt."

This rule was reiterated in *State v. Brown*, 53 Idaho 576, 581, 26 P.2d 131, 133 (1933):

"Under this section corroborating testimony need only tend to connect the defendant with the crime. It may be slight. And it need only go to one material fact. And the corroboration may be entirely circumstantial." (citations omitted).

This analysis of the statute has been repeatedly upheld by this Court. *State v. Adair*, 99 Idaho 703, 587 P.2d 1238 (1978); *State v. Swenor*, 96 Idaho 327, 528 P.2d 671 (1974); *State v. Sensenig*, 95 Idaho 218, 506 P.2d 115 (1973); *State v. Wilson*, 93 Idaho 194, 457 P.2d 433 (1969); *State v. Gonzales*, 92 Idaho 152, 438 P.2d 897 (1968); *State v. Bassett*, 86 Idaho 277, 385 P.2d 246 (1963); *State v. Larsen*, 81 Idaho 90, 337 P.2d 1 (1959); *State v. McCandless*, 70 Idaho 468, 222 P.2d 156 (1950); *State v. Mundell*, 66 Idaho 339, 158 P.2d 799 (1945); *State v. Mundell*, 66 Idaho 297, 158 P.2d 818 (1945); *State v. Gilbert*, 65 Idaho 210, 142 P.2d 584 (1943).

On appeal, Evans contends that the testimony of Mrs. Stoner and the state's criminalist do not tend to connect Evans with the robbery and, therefore, do not sufficiently corroborate the accomplice's testimony. Specifically, Evans alleges that the criminalist's testimony merely establishes that there is no more than a possibility that the hair taken from the ski mask belonged to the appellant. Additionally, Evans alleges that Mrs. Stoner's view of the robber's eyes and nose was too limited and her testimony was conflicting with that of Litz. We disagree. We find that both Mrs. Stoner's testimony and the criminalist's testimony along with the testimony connecting the mask to the crime clearly tend to connect the defendant Evans with the crime. Defendant Evans' primary contention on appeal appears to be that the quantum of this evidence is not enough to satisfy I.C. § 19–2117. We have held that the quantum of corroborating testimony may be slight. *State v. Adair, supra; State v. Brown, supra*. In the case at bar, we find that the evidence is sufficient to support the trial court's decision.

The evidence was properly before the jury and the jury was afforded the opportunity to weigh it relative to their observations. Where the evidence is legally sufficient, as in this case, it is not for this Court to interfere with or invade the province of the jury. *State v. Flory*, 97 Idaho 315, 543 P.2d 868 (1975); *State v. Pruett*, 91 Idaho 537, 428 P.2d 43 (1967); *State v. Cofer*, 73 Idaho 181, 249 P.2d 197 (1952).

Judgment affirmed.

BAKES, C. J., and McFADDEN, BISTLINE and SHEPARD, JJ., concur.