929 P.2d 118

STATE of Idaho, Plaintiff–Respondent,

v.

Thomas ALLEN, Defendant–Appellant.

No. 21663.

Supreme Court of Idaho.

Dec. 13, 1996.

Randall D. Schulthies, Bannock County Public Defender; Curtis F. Christie, Deputy Public Defender, Pocatello, for appellant. Curtis F. Christie argued.

Alan G. Lance, Attorney General; L. LaMont Anderson, Deputy Attorney General, Boise, for respondent. L. LaMont Anderson argued.

SCHROEDER, Judge.

This is an appeal from a criminal case heard by the District Court of the Sixth Judicial District in which Thomas Allen (Allen) was found guilty following a jury trial of battery with intent to commit rape, rape, aggravated assault and, as an enhancement of sentence, use of a firearm. Allen appeals the judgments based upon these verdicts, asserting that the state did not prove him guilty of the charges beyond a reasonable doubt.

## I.

### TRIAL TESTIMONY AND EVIDENCE

In the early morning hours of November 28, 1993, Officer Rory Olsen (Officer) responded to a call from the Oasis Food Mart in Pocatello, Idaho. When the Officer arrived at the business he found the complaining witness, P.B., in the store wearing a bathrobe. P.B. was upset and crying. She told the Officer that she had been assaulted by a man in her house and that she wanted the police to remove him from her home.

### A. P.B.'s Testimony

P.B. testified that on November 28, 1993, she was awakened at 1:00 a.m. by Allen knocking on the door. She knew Allen and

let him into her home reluctantly. After a time Allen told P.B. he "was going to make love" to her, and that P.B. "could call it rape or whatever; but he was going to make love to [her]." Allen pulled P.B. into the bedroom where he pushed her onto the bed after removing her t-shirt and ripping it into small pieces. P.B. struggled to get away as Allen attempted to have intercourse. Allen finally told P.B. she could stop struggling, because he had already climaxed before penetrating her vagina. P.B. testified further that Allen left the bedroom and returned a short time later with a revolver. He told her to come out and sit on the couch. Over the next two hours Allen drank beer, wrote a "suicide note" and talked to P.B. about killing himself while holding the gun in his naked lap. After P.B. told Allen to leave, he forcefully had intercourse with P.B., holding the gun to the side of her head. Afterward, when Allen was turned around, P.B. ran out the back door to her car in the garage, dressed only in a sweatshirt and her robe. As she backed out of the driveway, Allen, still naked, ran behind the car to block her exit. He pounded on the car window and eventually jumped onto the car, falling off as P.B. drove down the alley. She drove to a convenience store and called the police. The "911" call was recorded and played for the jury. After obtaining a statement from P.B., the Officer escorted her to the hospital.

### B. Thomas Allen's Testimony

Allen testified that he met P.B. in 1987 and that from that time they had a sexual relationship. On November 28, 1993, the "couple" consensually resumed their sexual relationship. They engaged in foreplay on the couch in the living room and then made their way to the bedroom where P.B. voluntarily performed oral sex. Allen also testified that at no point in the evening did he have a gun. Allen further testified that the only time P.B. became upset during the evening was when he called out someone else's name while he and P.B. were having sex. He testified that at that time "she got extremely mad, pushed me, and I climbed off her." Only then did they begin arguing.

### C. Other Evidence

The "911" tape recorded at the time P.B. called the police indicates that she was in emotional distress, and she appeared emotionally distraught when the police contacted her shortly after the event. There were marks on her car consistent with her testimony that Allen climbed on her car when she was attempting to escape. There was what appeared to be a suicide note written by Allen at P.B.'s home, and Allen's underwear remained at P.B.'s home. Allen had owned a pistol similar to the one P.B. described.

A sexual assault evaluation was performed on P.B., which was limited to external genitalia, and a "scant amount of white discharge" was found. The examining doctor did not find any evidence of trauma to the external genitalia, or any other part of P.B.'s body to cause him to make a notation in his report. There was no evidence of semen on the oral, anal, or vaginal swabs taken or on the underwear worn by P.B. No foreign pubic hairs were found in the pubic combings obtained from P.B. at the emergency room.

## II.

## PRIOR PROCEEDINGS

Allen was initially charged with battery with intent to commit rape, I.C. § 18–911; rape, I.C. § 18–6101(3); and burglary, I.C. § 18–1401. The district court dismissed the burglary charge pursuant to a prosecution motion.

The district court declared a mistrial at the first jury trial before any testimony or evidence was presented. At the second trial the jury was unable to reach a unanimous verdict, resulting in a mistrial. At the third trial the jury found Allen guilty of battery with intent to commit rape, rape, and aggravated assault. Pursuant to I.C. § 19–2520 the jury also found that Allen used a firearm in the commission of the rape and the aggravated assault. The district court imposed concurrent sentences totaling ten years with two years fixed.

## III.

### STANDARD OF REVIEW

"Where there is competent evidence to sustain the verdict, this court will not reweigh that evidence." *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980). A jury's verdict will not be set aside if there is substantial evidence upon which a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.; State v. Gardiner*, 127 Idaho 156, 163, 898 P.2d 615, 622 (Ct.App.1995). "On appeal, where a defendant stands convicted, the evidence is viewed in the light most favorable to the prosecution and the reviewing court is precluded from substituting its judgment for that of the jury as to the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn from the evidence." *Gardiner*, 127 Idaho at 163, 898 P.2d at 622.

## IV.

### THERE WAS SUBSTANTIAL EVIDENCE PRESENTED AT TRIAL UPON WHICH A RATIONAL TRIER OF FACT COULD FIND ALLEN GUILTY OF BATTERY WITH INTENT TO COMMIT RAPE, RAPE, AGGRAVATED ASSAULT, AND USE OF A FIREARM AS A SENTENCING ENHANCEMENT.

Allen maintains that there must be corroboration of P.B.'s testimony for a conviction of rape to be sustained. Idaho does not require corroboration of testimony in rape cases. *State v. Byers*, 102 Idaho 159, 627 P.2d 788 (1981). In *Byers* this Court concluded that "the requirement of corroboration in sex crime cases is no longer the law in Idaho." *Byers*, 102 Idaho at 165, 627 P.2d at 794.

In *State v. DeGrat*, 128 Idaho 352, 913 P.2d 568 (1996), this Court reaffirmed the rule from *Byers*, concluding that Idaho courts "no longer require corroboration in sexual crime trials." 128 Idaho at 356, 913 P.2d at 572. The question in this case, as in other criminal trials, is whether there was sufficient evidence to persuade a fact-finder beyond a reasonable doubt that the act was rape and not consensual sex.

It is the jury's function to assess the demeanor of the witnesses and make a determination of credibility. The jury saw and heard the witnesses first hand and accepted the testimony of P.B. This Court will not second-guess the jury's determination on credibility or the weight to be given to witnesses' testimony. *State v. Cofer*, 73 Idaho 181, 249 P.2d 197 (1952). "Where the evidence is legally sufficient ... it is not for this Court to interfere with or invade the province of the jury." *State v. Evans*, 102 Idaho 461, 463, 631 P.2d 1220, 1222 (1981). There is substantial and competent evidence to support the jury's verdicts on each of the charges. A jury verdict will not be disturbed by this Court where there is substantial and competent evidence to support the verdict. *State v. Bedard*, 120 Idaho 869, 820 P.2d 1226 (1991).

## V.

### CONCLUSION

The judgments of conviction and sentences based upon the jury verdicts are affirmed.

McDEVITT, C.J., and JOHNSON, TROUT, and SILAK, JJ., concur.