# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 47210

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, January 2021 Term** |
| | ) | |
| **v.** | ) | **Opinion Filed: March 30, 2021** |
| | ) | |
| **WILLIAM EDWARD CLARK,** | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Idaho County. Gregory FitzMaurice, District Judge.

The judgment of the district court is <u>affirmed</u>.

Jenevieve C. Swinford, Deputy State Appellate Public Defender, Boise, for appellant William Edward Clark.

Andrew V. Wake, Deputy Attorney General, Boise, for respondent State of Idaho.

_____

STEGNER, Justice.

William Clark appeals from a judgment of conviction on two felony counts of unlawful entry. The State charged Clark with violating Idaho Code section 18-7034(2), which enhances a misdemeanor unlawful entry to a felony if the perpetrator commits the unlawful entry while being pursued by a peace officer.

While responding to a call regarding an ongoing robbery at a mobile home park in Grangeville, Idaho, officers with the Grangeville Police Department interacted with Clark. Upon learning that Clark had an outstanding warrant for his arrest in Nez Perce County, Idaho, the officers attempted to arrest him. Clark fled, first entering a nearby home where the owner of the home implored him to leave. After exiting the first home, Clark entered the home next door, successfully evading the officers for approximately ten minutes. The officers eventually located Clark, hiding underneath a bed in the second home, where he was arrested.

After a bench trial, the district court, sitting as the trier of fact, found Clark guilty on both counts of felony unlawful entry, concluding that the officers' pursuit to execute the arrest warrant

1

constituted "fresh pursuit" as defined in Idaho Code section 19-705. Clark appeals, arguing that pursuit to execute an outstanding warrant does not fall under either the common law or statutory definition of "fresh pursuit." As a result, Clark argues that the State failed to present sufficient evidence of the pursuit element for felony unlawful entry. For the reasons discussed below, we affirm the judgment entered by the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 9, 2019, two officers from the Grangeville Police Department responded to a report of a robbery in progress in a mobile home park in Grangeville. A resident of the mobile home park had called in the robbery, reporting that persons were in his home robbing him. After arriving at the scene, the officers conducted a sweep of the residence and ordered two individuals found in the caller's home outside. The officers began their investigation of the reported crime by checking the identification of those two individuals, one of whom was Clark. The first officer received information from dispatch that Clark had an outstanding felony arrest warrant in Nez Perce County. The second officer, who was standing near Clark when he heard over the radio that Clark had an outstanding warrant, ordered Clark to turn around and informed him that he was under arrest.

When the second officer began to handcuff Clark, he fled. The officer attempted to grab Clark by his coat, but Clark slipped out of his coat and continued running away from the officers. The first officer then deployed his Taser two times in an attempt to stop Clark, but neither attempt was successful. Both officers pursued Clark, but lost sight of him as he ran through the mobile home park and eventually turned around the corner of a nearby church. Both officers testified during the bench trial that, despite losing sight of Clark for a brief time, they never gave up their pursuit of him.

After several minutes, one of the officers spotted Clark exiting a trailer in the mobile home park. The officer identified himself as a law enforcement officer and yelled for Clark to stop, but quickly lost sight of him as he rounded another corner. At this time, the woman who lived in the home from which Clark had fled informed the first officer that Clark had entered her home without her permission and had asked her not to call the police. She testified at trial that she had been sleeping in her home when she heard a door shut. After she awoke to find Clark in her home, she told him to get out of her house. The woman then testified she saw Clark run next door to her father's house. The first officer spoke with the woman after he had lost sight of Clark for the

2

second time. She told the officer that the door to her father's house was normally unlocked, but was now locked, which led the officer to believe that Clark was inside. After obtaining a key to the father's home several minutes later, the officers entered and found Clark hiding under a bed. After some difficulty, Clark was arrested and taken to Syringa General Hospital's Emergency Room where he was treated for a temporary nerve injury to his leg, which had apparently been caused by the Taser.

One of the arresting officers served Clark with the outstanding warrant. The warrant was a felony bench warrant for failure to appear on charges of malicious harassment, a felony, and battery, a misdemeanor, in Nez Perce County. Clark was then transported to the Idaho County Jail in Grangeville.

The next day, Clark was charged with two counts of felony unlawful entry in violation of Idaho Code section 18-7034(2), one count of resisting and obstructing a peace officer in violation of Idaho Code section 18-705, and one count of providing false information to a law enforcement officer in violation of Idaho Code section 18-5413. The magistrate court found that probable cause existed for the felony charges and a criminal information binding Clark over to district court was filed on January 25, 2019.

A bench trial was held on May 8, 2019. The State called both officers involved in Clark's arrest, who recounted the events described above. The State also called the woman who owned the first trailer Clark had entered while being pursued, and a second woman, who owned the second trailer that Clark had entered. The owner of the second trailer testified that she did not know Clark nor did she give him permission to enter her home. Clark called no witnesses and presented no evidence. The district court then heard closing arguments. The district court ruled from the bench, finding that the State had presented insufficient evidence to find Clark guilty of providing false information to law enforcement. Clark was accordingly acquitted of that charge. The district court found Clark guilty of count three—resisting and obstructing a peace officer—specifically as it related to the officers' "duty to apprehend individuals with outstanding warrants." Finally, the district court found that Clark committed misdemeanor unlawful entry, as alleged in two separate counts, but deferred ruling on whether the felony enhancement applied until it had an opportunity to research the recently amended statute. Two days later, the district court announced its verdict. Without elaborating in detail, the district court found Clark guilty on both counts of felony

3

unlawful entry stating: "I feel that the requisite proof was present to meet the requirements of fresh pursuit; and therefore, that element was proved beyond a reasonable doubt."

On July 8, 2019, the district court commuted Clark's sentence to county jail time on both felony counts, imposing a sentence of eight months for each count to run concurrently, with credit for time served. The district court entered its Judgment of Conviction on July 10, 2019, convicting Clark on both counts of felony unlawful entry. The resisting and obstructing charge was dismissed by the district court upon the State's motion. Clark timely appealed.

## II.     STANDARD OF REVIEW

"Appellate review of the sufficiency of the evidence is limited in scope." *State v. Gomez-Alas*, 167 Idaho 857, 861, 477 P.3d 911, 915 (2020) (quoting *State v. Betancourt*, 151 Idaho 635, 638, 262 P.3d 278, 281 (Ct. App. 2011)).

> Review of a trial court's conclusions following a bench trial is limited to ascertaining whether the evidence supports the findings of fact, and whether the findings of fact support the conclusions of law. Since it is the province of the trial court to weigh conflicting evidence and testimony and to judge the credibility of witnesses, this Court will liberally construe the trial court's findings of fact in favor of the judgment entered. This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. Additionally, this Court will not substitute its view of the facts for that of the trial court.

*Porcello v. Estate of Porcello*, 167 Idaho 412, 421, 470 P.3d 1221, 1230 (2020), *reh'g denied* (Sept. 8, 2020) (quoting *Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley, Davenport & Toole, P.S.*, 159 Idaho 679, 686, 365 P.3d 1033, 1040 (2016)).

"On appeal, where a defendant stands convicted, the evidence is viewed in the light most favorable to the prosecution and the reviewing court is precluded from substituting its judgment for that of the [fact finder] as to the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn from the evidence." *State v. Sheahan*, 139 Idaho 267, 286, 77 P.3d 956, 975 (2003) (quoting *State v. Allen*, 129 Idaho 556, 558, 929 P.2d 118, 120 (1996)). "Where there is competent evidence to sustain the verdict, this [C]ourt will not reweigh that evidence." *State v. Anderson*, 145 Idaho 99, 104, 175 P.3d 788, 793 (2008) (quoting *State v. Filson*, 101 Idaho 381, 386, 613 P.2d 938, 943 (1980) (alterations omitted).

"Statutory interpretation is a question of law that receives de novo review from this Court." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

4

### III. ANALYSIS

**A. "Fresh pursuit," as defined in Idaho Code section 19-705, includes pursuit to execute an arrest warrant.**

At the conclusion of the bench trial, the district court found beyond a reasonable doubt that the State had proven Clark guilty on both counts of *misdemeanor* unlawful entry. The district court stated that it "felt there was evidence beyond a reasonable doubt to support a verdict of at least a misdemeanor on both counts of unlawful entry." The district court continued: "[t]he issue before the Court is whether or not the new iteration of the statute, which makes an unlawful entry while being pursued by law enforcement officers [a felony] pursuant to the definition of fresh pursuit under Idaho Code Section [19]-705[,] is applicable to this case."

Two days after the trial the district court rendered its final verdict. In announcing its findings, the district court stated:

> I did further research with reference to the issue [of] whether or not Mr. Clark was being pursued by a police officer as defined by the statute making reference, basically, to the Fresh Pursuit doctrine and the Fresh Pursuit Statute in Idaho law. After reviewing the same and reviewing the entirety of the evidence, the Court finds the defendant guilty of count one, unlawful entry, a felony; and guilty of count two, unlawful entry, a felony. . . . I feel that the requisite proof was present to meet the requirements of fresh pursuit; and therefore, that element was proved beyond a reasonable doubt.

On appeal, Clark first contends that the plain language of "fresh pursuit" in section 19-705 excludes pursuit to execute a warrant under both alternatives set out in the statute: common law fresh pursuit and statutory fresh pursuit. Clark also argues that the State failed to present sufficient evidence of felony unlawful entry and urges this Court to vacate his conviction. Each of Clark's arguments will be addressed in turn.

Idaho Code section 18-7034(1) provides:

> Every person, except under landlord-tenant relationship, who enters any dwelling house, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, closed vehicle, closed trailer, airplane, railroad car or outbuilding, without the consent of the owner of such property or his agent or any person in lawful possession thereof, is guilty of a misdemeanor.

I.C. § 18-7034(1).

Subsection (2) was added to the statute in 2017. *See* S.B. 1093, 64th Leg., 1st Reg. Sess. (Idaho 2017). This subsection enhances the crime of unlawful entry from a misdemeanor to a felony if the suspect unlawfully enters the dwelling while fleeing a peace officer:

5

Any person who enters any permanent or temporary dwelling without the consent of the owner of such property or his agent or any person in lawful possession thereof *while being pursued by a peace officer* is guilty of a felony. For purposes of this subsection "pursued" means "fresh pursuit" as defined in section 19-705, Idaho Code.

I.C. § 18-7034(2) (italics added).

In turn, Idaho Code section 19-705 provides:

The term "fresh pursuit" as used in this act shall include [1] fresh pursuit as defined by the common law, and also [2] the pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony. It shall also include the pursuit of a person suspected of having committed a supposed felony, though no felony has actually been committed, if there is reasonable ground for believing that a felony has been committed. Fresh pursuit as used herein shall not necessarily imply instant pursuit, but pursuit without unreasonable delay.

I.C. § 19-705.

We begin statutory interpretation with the literal language of the statute, giving words their plain, usual, and ordinary meanings. [*State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011).] In addition, provisions are interpreted within the context of the whole statute, not as isolated provisions. *Id.* This includes giving effect "to all the words and provisions of the statute so that none will be void, superfluous, or redundant." *Id.* Where the language is unambiguous, we need not consider the rules of statutory construction. *Id.* "Ambiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001).

*Burke*, 166 Idaho at 623, 462 P.3d at 601.

When engaging in statutory interpretation, this Court begins with the dictionary definitions of disputed words or phrases contained in the statute. *See id.* ("Our analysis begins with a review of the relevant statutes and dictionary definitions."). Here, the parties disagree on the meaning of the term "fresh pursuit" as defined in Idaho Code section 19-705 and referenced in Idaho Code section 18-7034(2).

The doctrine of "fresh pursuit" or "hot pursuit"[1] typically applies as an exception to the Fourth Amendment's warrant requirement, allowing "[a] warrantless entry into a suspect's home" if the suspect is fleeing. *State v. Ballou*, 145 Idaho 840, 845, 186 P.3d 696, 701 (Ct. App. 2008) (citing *United States v. Santana*, 427 U.S. 38, 42–43 (1976)). As defined by Black's Law Dictionary, "fresh pursuit" means "[t]he right of a police officer to make a warrantless search of a

---

[1] The terms "fresh pursuit" and "hot pursuit" have been used interchangeably in Idaho. *See State v. Wren*, 115 Idaho 618, 623, 768 P.2d 1351, 1356 (Ct. App. 1989).

fleeing suspect or of the place to which the suspect has fled, or to cross jurisdictional lines to arrest a fleeing suspect." *Fresh pursuit*, BLACK'S LAW DICTIONARY (11th ed. 2019).

In this context, the parties dispute the meaning of the term "fresh pursuit" contained in Idaho Code section 19-705 as it is applied in Idaho Code section 18-7034(2). The parties agree that the definition contains two types of fresh pursuit: (1) common law fresh pursuit and (2) statutory fresh pursuit, which is the pursuit of "a person who has committed a felony or who is reasonably suspected of having committed a felony." I.C. § 19-705.

1. The statutory definition of "fresh pursuit" includes pursuit to execute an arrest warrant.

Clark argues that the statutory definition of fresh pursuit defined in Idaho Code section 19-705, "pursuit of a person who has committed a felony or who is reasonably suspected of having committed a felony," excludes pursuit to execute a warrant under either the plain language or the legislative history and public policies behind the statute.

Clark argues that "the plain language indicates the legislature intended to exclude the commission of past felonies" from the definition of "fresh pursuit." Clark contends that the word "committed" "refers to the present commission of a suspected felony . . . . 'Committed' denotes the act itself, before the start of criminal proceedings." Clark also asserts that the requirement of "pursuit without unreasonable delay" "require[s] pursuit close-in-time to the suspect's actual commission of the felony," as opposed to "'stale' pursuit on a past offense."

Clark notes that the "State presented no evidence on [his] connection to the supposed robbery, and, in fact, the district court rejected the State's position that the officers were delayed in their 'purported' robbery investigation by [his] flight. . . . There was no evidence that [either officer] reasonably suspected [] Clark of committing a felony at the time of their pursuit." Accordingly, Clark ultimately contends that the statutory definition of "fresh pursuit" unambiguously excludes pursuit to execute a previously existing arrest warrant.

In response, the State argues that "the clear, unambiguous terms of the statute" render pursuit to execute a felony arrest warrant "fresh pursuit." The State contends that the officers reasonably suspected Clark of having committed a felony because "[t]hey had just learned that Clark was the subject of an outstanding felony arrest warrant. A felony arrest warrant may be issued only based on a finding of probable cause that the subject of the warrant has committed a felony." The State argues that the officers' knowledge of the felony warrant meets the statutory definition of "fresh pursuit."

7

The second type of fresh pursuit defined in section 19-705 ("statutory fresh pursuit") is "the pursuit of a person who has committed a felony or *who is reasonably suspected of having committed a felony.*" I.C. § 19-705 (italics added). No Idaho appellate court has interpreted this definition in the fresh pursuit statute; therefore, it is an issue of first impression for this Court.[2]

"The language of the statute is to be given its plain, obvious and rational meaning." *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999). "[I]f statutory language is clear and unambiguous, the Court need merely apply the statute without engaging in any statutory construction." *Id.* "A statute is ambiguous where the language is capable of more than one reasonable construction. However, '[a]mbiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous.'" *Melton v. Alt*, 163 Idaho 158, 163, 408 P.3d 913, 918 (2018) (quoting *Porter v. Bd. of Trustees, Preston School Dist. No. 201*, 141 Idaho 11, 14, 105 P.3d 671, 674 (2004)) (internal citations omitted).

Merriam-Webster defines the word "commit" as "to carry into action deliberately." *Commit*, MERRIAM-WEBSTER.COM DICTIONARY (accessed Feb. 10, 2021). The statute employs the word "*committed*," employing the past tense of "commit." Therefore, the phrase "has committed a felony" unambiguously means the completed commission of a felony.

In addition to the plain meaning of "committed a felony," we have held that after law enforcement learns of a suspect's outstanding arrest warrant, probable cause exists for his arrest. *State v. Schwarz*, 133 Idaho 463, 468, 988 P.2d 689, 694 (1999). In *Schwarz*, a suspect was pulled over by law enforcement after twice failing to signal before turning. *Id.* at 464, 988 P.2d at 690. Prior to running a warrant search on Schwarz, he told the officers, "Please don't run my name; there's a warrant for my arrest." *Id.* at 465, 988 P.2d at 961. One officer then placed Schwarz in handcuffs, read him his *Miranda*[3] rights, and conducted a pat-down search. *Id.* Police dispatch then incorrectly informed the officers that there was no warrant in the system, but Schwarz was still arrested after officers located a glass vial of what appeared to be a controlled substance during the pat-down search. *Id.*

In discussing the probable cause inquiry, we noted:

---

[2] Nor does it appear that any person in Idaho, aside from Clark, has appealed a conviction under the felony enhancement of unlawful entry since it was added to Idaho Code section 18-7034 in 2017.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

When reviewing an officer's actions the court must judge the facts against an objective standard. That is, "would the facts available to the officer at the moment of the seizure or search 'warrant a [person] of reasonable caution in the belief' that the action taken was appropriate." Because the facts making up a probable cause determination are viewed from an objective standpoint, the officer's subjective beliefs concerning that determination are not material.

*Id.* at 468, 988 P.2d at 694.

We ultimately concluded that Schwarz's arrest was valid because the officers had probable cause to arrest Schwarz based on his statement that there was an outstanding warrant for his arrest:

The facts known to Officer Poulter were that Schwarz said there was an outstanding warrant for his arrest, and Schwarz appeared nervous and exhibited the "fight or flight" stance after he got out of the car. *In fact, a probable cause determination to support his arrest had already been made by a neutral, detached magistrate*, though the dispatcher gave Officer Poulter incorrect information.

*Id.* at 468, 988 P.2d at 694 (italics added).

In Clark's case, the officers "reasonably suspected [Clark] of having committed a felony" such that they were in "fresh pursuit" of him when they attempted to execute the warrant for his arrest. *See* I.C. § 19-705. Like the officers in *Schwarz*, who learned from Schwarz himself of his outstanding warrant, the officers responding to the robbery learned from dispatch that Clark had an outstanding felony warrant for his arrest in Nez Perce County. An arrest warrant may only be issued after a magistrate determines that there is "probable cause to believe that an offense has been committed and that the defendant committed it." I.C.R. 4(a). Consequently, the existence of a warrant for Clark's arrest gave the officers a legal basis to arrest him. As a result, the officers were in "fresh pursuit" of Clark when they pursued him to execute the validly issued arrest warrant. In turn, the statutory definition of "fresh pursuit" plainly includes pursuit to execute a validly issued arrest warrant. Because we hold that the statutory definition applies, we do not consider the common law definition as it pertains to Clark.

### B. The State presented sufficient evidence to prove the felony enhancement to unlawful entry.

"On appeal, where a defendant stands convicted, the evidence is viewed in the light most favorable to the prosecution and the reviewing court is precluded from substituting its judgment for that of the [fact finder] as to the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn from the evidence." *Sheahan*, 139 Idaho at 286, 77 P.3d at 975 (quoting *Allen*, 129 Idaho at 558, 929 P.2d at 120). "This Court examines the evidence to determine whether a reasonable mind could conclude beyond a reasonable doubt that the defendant's guilt as

9

to each material element of the offense was proven." *State v. Hickman*, 146 Idaho 178, 183, 191 P.3d 1098, 1103 (2008).

> This Court will not set aside a trial court's findings of fact unless the findings are clearly erroneous. If the trial court based its findings on substantial evidence, even if the evidence is conflicting, this Court will not overturn those findings on appeal. Additionally, this Court will not substitute its view of the facts for that of the trial court.

*Porcello*, 167 Idaho at 421, 470 P.3d at 1230 (quoting *Liberty Bankers Life Ins. Co. v. Witherspoon, Kelley*, *Davenport & Toole, P.S.*, 159 Idaho 679, 686, 365 P.3d 1033, 1040 (2016)).

The trial transcript demonstrates that the State presented ample evidence of the necessary elements of Idaho Code section 18-7034(2) for the district court to find Clark guilty. That statute provides:

> Any person who enters any permanent or temporary dwelling without the consent of the owner of such property or his agent or any person in lawful possession thereof while being pursued by a peace officer is guilty of a felony. For purposes of this subsection "pursued" means "fresh pursuit" as defined in section 19-705, Idaho Code.

I.C. § 18-7034(2).

The testimony of the owners of the two mobile homes established that Clark had entered each of their homes without their consent. Further, both officers testified at trial that they were in continuous and uninterrupted pursuit of Clark from the time he fled until his ultimate arrest. Clark's outstanding arrest warrant, the predicate for his arrest, was also submitted into evidence by the State.

This Court will not overturn the trial court's findings unless they are clearly erroneous. Based on the evidence presented by the State at trial, the district court's findings were not clearly erroneous and constituted sufficient evidence to convict Clark of two counts of felony unlawful entry pursuant to Idaho Code section 18-7034(2). Accordingly, we affirm Clark's conviction.

## IV.    CONCLUSION

Based on the analysis above, Clark's conviction of two counts of felony unlawful entry is affirmed.

Chief Justice BEVAN, Justices BURDICK, BRODY, and MOELLER CONCUR.