# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49095

<table>
<tr><td>In the Interest of: JANE DOE (2021-38), Juvenile Under Eighteen (18) Years of Age.<br>-----------------------------------------------------------<br><br>STATE OF IDAHO,<br><br>   Petitioner-Respondent,<br><br>v.<br><br>JANE DOE (2021-38),<br><br>   Respondent-Appellant.<br>_____</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><br><br><br><br>Boise, February 2023 Term<br><br>Opinion filed: April 19, 2023<br><br>Melanie Gagnepain, Clerk</td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County, Brent Ferguson, Magistrate Judge, and Gerald F. Schroeder, Senior District Judge.

The decision of the district court is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for Appellant. Andrea Reynolds argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. Mark Olson argued.

_____

BRODY, Justice.

Jane Doe appeals the district court's decision upholding the magistrate court's judgment that Doe committed the offense of battery—placing Doe within the purview of the Juvenile Corrections Act. Doe argues that the magistrate court erred by using and applying the self-defense law reflected in Idaho Criminal Jury Instructions 1517 and 1518, instead of Idaho Code section 19-202A, Idaho's "stand your ground" statute. Doe contends that the statute's legal standards differ from Instructions 1517 and 1518, and that the statutory standards should have been applied to her self-defense claim. For the reasons set forth below, we disagree. The "stand

1

your ground" statute codifies aspects of Idaho self-defense law that have existed for over 100 years at common law, without abrogating those aspects it left uncodified. Thus, the district court did not err in upholding the magistrate court's use and application of the pattern instructions, which presumptively reflect the elements of self-defense at common law. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2020, Doe was walking to school with her girlfriend ("Girlfriend") when a confrontation ensued between Doe and Doe's ex-girlfriend ("Ex-Girlfriend"). Doe testified that Ex-Girlfriend first approached Doe aggressively and got "in her face" but did not make physical contact. The magistrate court, sitting as the factfinder at the later evidentiary hearing, found that after this event, Doe then pushed Ex-Girlfriend, punched her, pushed her again, and then punched her again.

Doe, Girlfriend, and Ex-Girlfriend "had a troubled history prior to this incident." Doe and Ex-Girlfriend had a history of violence during their prior dating relationship. In addition, Ex-Girlfriend's brother had been (prior to the underlying incident) charged with a sexual assault of Girlfriend. Ex-Girlfriend later testified that she had "hard feelings" against Girlfriend because of the sexual assault allegations brought against her brother, and because Girlfriend was in a relationship with Doe. Ex-Girlfriend admitted that, during a phone call between her and Doe the day before the underlying incident, Ex-Girlfriend referred to Girlfriend using derogatory language.

A few weeks after the October 2020 incident, the State filed a petition under the Juvenile Corrections Act, alleging Doe fell within the purview of the Act for committing a misdemeanor battery (in violation of I.C. § 18-903) against Ex-Girlfriend. Doe denied the allegation and, two months later, the magistrate court held an evidentiary hearing under the Act pursuant to the Idaho Juvenile Rules. During the hearing, Ex-Girlfriend and Doe testified, and Doe claimed her use of force against Ex-Girlfriend was in self-defense. After closing arguments, the magistrate court made findings, and orally ruled that the State had proven its case of battery and had disproven two elements of Doe's self-defense claim—all beyond a reasonable doubt. Thus, Doe fell within the purview of the Act and the magistrate court set the matter for sentencing.

In ruling on Doe's self-defense claim, the magistrate court referred to Idaho Criminal Jury Instructions 1517 and 1518, the pattern jury instructions on self-defense and reasonable force. Nothing in the record shows that Doe, or the State, filed a motion for a pre-evidentiary

2

hearing to argue for, or propose, any particular version of Idaho's self-defense law for the magistrate court's use and application at the evidentiary hearing. Furthermore, at the evidentiary hearing, Doe did not contemporaneously, or subsequently, object to the magistrate court's reference to and application of Instructions 1517 and 1518 to Doe's self-defense claim.

Doe timely appealed to the district court and argued that the magistrate court erred because the self-defense law reflected in Instructions 1517 and 1518 was "upended" when the legislature, two years prior to Doe's evidentiary hearing, passed a "stand your ground" statute: Idaho Code section 19-202A. In other words, Doe argued the statute rendered Instructions 1517 and 1518 "obsolete[.]" In response, the State argued, among other things, that Doe failed to preserve her argument for appeal, and that there was no error by the magistrate court because the statute does not differ from common law self-defense.

Sitting in its appellate capacity, the district court upheld the magistrate court's decision, and affirmed the judgment. The district court first determined that Doe did not preserve her assignment of error. From this, the district court concluded that fundamental error review applied, but reversal was not warranted because there was no "error" at all. Even if an error occurred, the court concluded any error in using and applying Instructions 1517 and 1518 instead of the statute did not constitute fundamental error. Doe timely appealed to this Court.

## II. STANDARD OF REVIEW

"When this Court reviews the decision of a district court sitting in its appellate capacity over a [magistrate] court, we examine the [magistrate] court record to determine whether substantial and competent evidence supports the [magistrate] court's findings of fact and whether its conclusions of law follow from those findings." *Int. of Doe*, 168 Idaho 389, 390, 483 P.3d 932, 933 (2020) (alterations added). As to findings, "[i]f the district court affirmed the magistrate court's decision, and the magistrate court's findings are supported by substantial and competent evidence, this Court affirms the district court as a matter of procedure." *Matter of Est. of Hirning*, 167 Idaho 669, 675, 475 P.3d 1191, 1197 (2020). The interpretation of statutes and other questions of law are reviewed de novo. *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020).

## III. ANALYSIS

Doe's central argument on appeal is that the magistrate court erred when it used Idaho Criminal Jury Instructions 1517 (self-defense) and 1518 (reasonable force) to analyze her claim

of self-defense—instead of the "stand your ground" self-defense statute, Idaho Code section 19-202A. Doe also contends that on intermediate appeal, the district court erred in applying the preservation doctrine, and in requiring her to prove this error was "fundamental" when she was not required to raise it before, during, or after the magistrate court's ruling. In response, the State contends that the magistrate court did not err, but if it did, the issue was not preserved below; thus, relief cannot issue because Doe's unobjected-to error is not fundamental.

We agree with Doe that she was not required to object below and that the district court erred by requiring her to prove the assigned error was fundamental. Nevertheless, Doe is not entitled to relief because the magistrate court did not err. We conclude that Instructions 1517 and 1518 are consistent with the "stand your ground" statute. Idaho Code section 19-202A simply codified aspects of Idaho's self-defense law that have existed for over 100 years. By the statute's plain language, it does not abrogate or supplant the common law of self-defense in Idaho. Thus, the decision of the district court upholding the magistrate court's judgment is affirmed.

## A. The preservation doctrine does not apply.

In most contexts, the preservation doctrine provides a "central rule" of appellate review: "To properly preserve an issue for appellate review, 'both the issue and the party's position on the issue must be raised before the trial court[,]' " and "so long as this requirement is met, the specific legal authorities used to support the position may evolve." *State v. Hoskins*, 165 Idaho 217, 221–22, 443 P.3d 231, 235–36 (2019) (citation omitted). However, when a defendant assigns legal error to a trial court's conclusions of law after an evidentiary hearing under the Juvenile Corrections Act (Idaho Code sections 20-501 to -549), the issue may be considered on appeal even though the defendant did not raise it below. In this context, and for the reasons discussed below, the preservation doctrine simply does not apply.

Evidentiary hearings under the Act are the procedural analog of a criminal bench trial. *See* I.J.R. 15(g) ("All issues shall be tried solely before the court."). When a defendant assigns error to how the trial court *in fact* applied the law at the conclusion of a bench trial, a defendant may raise that issue for the first time on appeal. *See, e.g.*, *State v. Clark*, 168 Idaho 503, 507, 484 P.3d 187, 191 (2021) (reviewing *de novo* the district court's interpretation and application of the term "fresh pursuit" in Idaho Code section 19-705 after a criminal bench trial). Unlike a criminal jury trial, an "instruction" conference on the proposed or applicable law—before an evidentiary hearing under the Act—is not required. *See* I.J.R. 21 (excluding Idaho Criminal Rule 30 from the

procedures under the Idaho Juvenile Rules). The magistrate court does not need to "instruct" *itself* on the law—trial judges are presumed to know the law, and to apply it in making their decisions. *State v. Leavitt*, 121 Idaho 4, 6, 822 P.2d 523, 525 (1991).

In the context of criminal jury trials, the parties are typically required to "file written requests that the court instruct the jury on the law as set forth in the request" before the trial commences. I.C.R. 30(b)(1). Thereafter, the trial court "must *inform counsel* of its proposed actions on the requested instructions and allow a *reasonable time* within which to examine and *make objections* outside the presence of the jury to the instructions or the failure to give requested instructions." I.C.R. 30(b)(3) (emphasis added). In this context, the parties—who have prior notice of what law will be used and applied—are required to object, with the grounds of their objection, before the jury retires to consider its verdict. I.C.R. 30(b)(4).

On appellate review from a criminal jury trial, if a defendant properly objected to the law the jury was ultimately instructed on—thereby preserving any assignment of error—this Court applies harmless error review. *State v. Adamcik*, 152 Idaho 445, 472, 272 P.3d 417, 444 (2012). One purpose of this preservation requirement is to "prevent[] the litigant from sandbagging the court, i.e., remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor." *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010) (alteration added) (citation omitted). If a defendant does not object, this Court will still review the jury instructions—but for "fundamental error." *Id*.

Notably, a common predicate to both harmless and fundamental error review is "whether the jury instruction was erroneous at all." *State v. Medina*, 165 Idaho 501, 507, 447 P.3d 949, 955 (2019). To answer this question, we review jury instructions de novo—not for a perfect recitation of law—but to "determine 'whether, when considered as a whole, they fairly and adequately present the issues and state the applicable law.' " *Id*. (quoting *State v. Dunlap*, 155 Idaho 345, 364, 313 P.3d 1, 20 (2013)). "Whether the instruction was erroneous will depend upon how a reasonable juror would have interpreted the instruction." *Medina*, 165 Idaho at 507, 447 P.3d at 955 (citation omitted). In sum, in the context of a *jury* trial, at a minimum the parties should have prior notice of what law will be used and applied to the facts found, even though the jury's deliberations in applying the law often remain "secret and not subject to outside examination[,]" *Yeager v. United States*, 557 U.S. 110, 122 (2009) (alteration added).

Conversely, in the context of an evidentiary hearing under the Juvenile Corrections Act—essentially a bench trial—there are no jury instructions; thus, the parties do not necessarily have a preview of all aspects of the law the magistrate court intends to apply. A party *could* move for a "pretrial conference" pursuant to Idaho Juvenile Rule 12 to "consider" what law the magistrate court should apply, or file a similar motion under Idaho Juvenile Rule 21 (incorporating I.C.R. 12 and 47 for pre-trial motions). Yet, even if a party did move for such a conference, it still cannot know with certainty what law will *in fact* be used and applied by the magistrate court until it has ruled. Moreover, nothing requires a defendant to move for reconsideration before the defendant can appeal to district court. *See* I.J.R. 24; I.C. § 20-528; I.J.R. 21 (incorporating, in part, the rules for appeals from magistrate to district court under I.C.R. 54).

With this recognition of the basic difference between a jury trial and a bench trial, the preservation doctrine does not apply to Doe's appeal where she has alleged the magistrate court, during the procedural equivalent of a bench trial, used and applied the wrong law. Thus, Doe's appeal has no preservation problem, and the district court erred by imposing one. For these reasons, we do not view Doe's appeal through the lens of fundamental error review. Rather, we simply review the conclusions of law she challenges de novo. *See State v. Doe*, 140 Idaho 271, 273, 92 P.3d 521, 523 (2004).

## B. The magistrate court did not err in using and applying Idaho's self-defense law as reflected in Idaho Criminal Jury Instructions 1517 and 1518.

The pattern jury instructions are presumed to be an accurate statement of Idaho law. *State v. Bodenbach*, 165 Idaho 577, 586, 448 P.3d 1005, 1014 (2019). When a jury is charged with the pattern instructions, which are often tailored as needed to the facts and charges of each case, we consider whether the ultimate instructions "as a whole, fairly and adequately present the issues and state the applicable law[.]" *Id.* (alteration added) (citation omitted). Thus, in a jury trial, "[w]hether the instruction was erroneous will depend upon how a reasonable juror would have interpreted the instruction." *Id.* (quoting *State v. Skunkcap*, 157 Idaho 221, 227–28, 335 P.3d 561, 567–68 (2014)). However, because we are reviewing the procedural equivalent of a bench trial, it is not enough that the magistrate court's conclusions of law (albeit through the pattern instructions)—be a "fair and adequate" representation of the applicable law. Instead, we review the magistrate court's use and application of the law freely, without the deference given to a jury's deliberative process. *See Doe*, 140 Idaho at 273, 92 P.3d at 523; *State v. Clay*, 112 Idaho

6

261, 263, 731 P.2d 804, 806 (Ct. App. 1987) ("Jury verdicts occupy an exalted place in our criminal justice system.").

At the evidentiary hearing, the magistrate court first ruled that the State had proven its initial case for battery: Doe willfully used force against Ex-Girlfriend when she "pushed her twice, punched her, pushed her again, and then punched her again." From this, the only issue was whether Doe's use of force was justified, i.e., whether Doe's use of force was in self-defense. On this issue, the magistrate court turned to two pattern jury instructions on self-defense, Idaho Criminal Jury Instructions 1517 and 1518, analyzed each, and concluded that the State had disproven two elements of self-defense beyond a reasonable doubt.

First, the magistrate court concluded that Doe had used unreasonable force when she continued to strike Ex-Girlfriend, instead of stopping at a "push" to create space when Ex-Girlfriend was acting aggressively by "getting in her face." Second, the magistrate court concluded that Doe used force, at least in part, for a motivation other than self-defense: Doe was "angry" at Ex-Girlfriend for a perceived slight against Girlfriend. Thus, because Doe's use of force was unjustified, her self-defense claim failed and Doe's battery against Ex-Girlfriend subjected Doe to the purview of the Act.

Instruction 1517, entitled "Self Defense," contains 5 elements:

> 1. The defendant must have believed that the defendant was in imminent danger of bodily harm.
>
> 2. In addition to that belief, the defendant must have believed that the action the defendant took was necessary to save the defendant from the danger presented.
>
> *3. The circumstances must have been such that a reasonable person, under similar circumstances, would have believed that the defendant was in imminent danger of bodily injury and believed that the action taken was necessary.*
>
> *4. The defendant must have acted only in response to that danger and not for some other motivation.*
>
> 5. When there is no longer any reasonable appearance of danger, the right of self-defense ends.

I.C.J.I. 1517 (irrelevant language omitted) (emphasis added). Doe's challenge on appeal focuses on the two elements of self-defense that the State disproved at the hearing, i.e., elements three and four in Instruction 1517.

According to Doe, elements three and four in Instruction 1517 conflict with, and are therefore supplanted by, the self-defense law codified in the "stand your ground" statute, Idaho Code section 19-202A. More specifically, Doe argues that the statute differs from these elements of self-defense at common law in three ways: (1) "the statute provides that a person is not required to ascertain whether a danger is apparent or real before acting"; (2) "the statute permits consideration of the person's *knowledge*, stating a person may use 'all force and means which would appear to be necessary to a reasonable person in a similar situation *and with similar knowledge* without the benefit of hindsight,' "; and (3) "the statute does not require that a person exercising her right to defend herself must have acted only in response to the danger presented by another, and not with some other motivation." (Emphasis added.)

For the reasons below, Doe's three points are without merit. The "stand your ground" statute simply codified aspects of common law self-defense that have existed in Idaho for over 100 years, without abrogating those portions it left uncodified.

In 2018, the legislature passed the "stand your ground" statute, and in doing so, explained that the "intent" of the statute was to "*incorporate* provisions of . . . stand your ground *provided in Idaho case law and jury instructions* into certain sections of this chapter[.]" I.C. § 19-201A (emphasis added). When the statute is read plainly, as it must be, *State v. Smalley*, 164 Idaho 780, 784, 435 P.3d 1100, 1104 (2019), it does exactly that by codifying aspects of pre-existing self-defense law:

> DEFENSE OF SELF, OTHERS AND CERTAIN PLACES. (1) No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary . . . .
>
> (2) *The defense of self or of another does not require a person to wait until he or she ascertains whether the danger is apparent or real. A person confronted with such danger has a clear right to act upon appearances such as would influence the action of a reasonable person.*
>
> (3) In the exercise of the right of self-defense or defense of another, a person need not retreat from any place that person has a right to be. *A person may stand his ground and defend himself or another person by the use of all force and means which would appear to be necessary to a reasonable person in a similar situation and with similar knowledge without the benefit of hindsight . . . .*
>
> (4) In any prosecution for the unlawful use of force, including deadly force, or the attempted or threatened use of force contrary to title 18, Idaho Code, the burden is on the prosecution to prove beyond a reasonable doubt that

8

the use of force, attempted use of force or threat to use force was not justifiable.

> [. . . .]

I.C. § 19-202A (emphasis and alterations added).

Doe's first point—that the statute *differs* from the common law because the statute provides that an actor is not required to ascertain whether a danger is apparent or real before acting, and "has a clear right to act upon appearances such as would influence the action of a reasonable person[,]"—is meritless. This standard, now codified nearly word for word in Section 19-202A(2), was set out over 100 years ago in *State v. McGreevy*, 17 Idaho 453, 466–67, 105 P. 1047, 1051–52 (1909) (explaining that a person acting in self-defense may "stand his ground[,]" with a "clear legal right to act upon *appearances* such as would influence the action of a reasonable person" (emphasis in original)). Thus, on this point, the statute does not change or add anything to the common law of self-defense, as already reflected in element three of Instruction 1517. *See also* I.C.J.I. 1518 and 1519 (elaborating on this element).

Doe's second point—that the "stand your ground" statute *differs* from the common law because the statute requires imputing the actor's subjective knowledge onto the "reasonable person"—is also without merit. Imputing the actor's "knowledge" to the "reasonable person" in evaluating a claim of self-defense is already part of self-defense law under *McGreevy* and reflected in Instructions 1517 and 1518. In *McGreevy*, this Court said that self-defense allows only reasonable force, i.e., force "a reasonable man would" use under "similar circumstances and surroundings[,]" so long as the necessity persists and without judgment "from the theoretical standpoint of the man who is resting in both apparent and real safety, confronted by no danger, and menaced by no threats or demonstrations of sudden violence and felonious import." 17 Idaho at 466–67, 105 P. at 1051–52. This basic standard is reflected in Instruction 1517, element three, where it likewise provides that the "action taken" must be "necessary" from the standpoint of a reasonable person "under similar circumstances[.]" I.C.J.I. 1517.

Moreover, the other instruction used and applied by the magistrate court, Instruction 1518, elaborates on element three in Instruction 1517, to explain what constitutes "reasonable force" and plainly imputes the actor's "knowledge" onto the "reasonable person" in evaluating a claim of self-defense and whether the use of force was reasonable:

> The kind and degree of force which a person may lawfully use in self-defense are limited by what a reasonable person in the same situation as such

person, *seeing what that person sees and knowing what the person knows*, then would believe to be necessary. Any use of force beyond that is regarded by the law as excessive. Although a person may believe that the person is acting, and may act, in self-defense, the person is not justified in using a degree of force clearly in excess of that apparently and reasonably necessary under the existing facts and circumstances.

I.C.J.I. 1518 (irrelevant language in brackets omitted) (emphasis added).

Thus, the "reasonable force" element in Idaho's self-defense law, as reflected by element three in Instruction 1517, and elaborated on by Instruction 1518, already requires the actor's subjective "knowledge" to be imputed to the "reasonable person." Contrary to Doe's position, this is *consistent* with the "knowledge" language in the "stand your ground" statute.

Finally, as to Doe's third point—that the "stand your ground" statute differs from the common law because it does not reflect the exclusive "motivation" element present in Instruction 1517 (i.e., element number four)—she is correct, but her point is irrelevant. The legislature has the power to abrogate the common law either expressly, or by "implication" when it is "obvious" and "cannot be ignored." *Mickelsen v. Broadway Ford, Inc.*, 153 Idaho 149, 153, 280 P.3d 176, 180 (2012) (citations omitted). The exclusive "motivation" element reflected in Instruction 1517 can be traced to *McGreevy*, where this Court explained that force against another in self-defense must be "for that purpose" and not, for example, done in "revenge[,]" 17 Idaho at 466–67, 105 P. at 1051–52—i.e., the actor "must have acted only in response to that danger and not for some other motivation." I.C.J.I. 1517.

Here, the exclusive "motivation" element of self-defense at common law is neither expressly, nor implicitly, abrogated by its absence in the "stand your ground" statute, I.C. § 19-202A. Although the statute does not mention the "motivation" element, nothing in the statute obviously eliminates it, either expressly or by implication. *See* I.C. § 19-202A. To the contrary, and as noted above, the legislature expressly instructed that the statute "*incorporate[s] provisions of . . .* stand your ground" already "*provided in Idaho case law and jury instructions*[.]" I.C. § 19-201A (emphasis and alterations added). The "stand your ground" statute reflects the *aspects* of self-defense law in Idaho that the legislature sought to protect by statute—unrelated to, and without effect on, the exclusive "motivation" element of self-defense at common law. Thus, Doe's argument that the "motivation" element reflected in Instruction 1517 was improperly considered by the magistrate court is without merit.

In sum, Doe has not shown that the magistrate court erred in referring to and applying the pattern jury instructions to her self-defense claim instead of relying solely on the "stand your ground" statute, Idaho Code section 19-202A. The statute simply codified aspects of self-defense law that have existed for over 100 years and did not abrogate those aspects it left uncodified. Because Doe has not shown legal error and does not challenge the magistrate court's decision as unsupported by substantial evidence, the district court did not err in upholding the magistrate court's judgment.

## VI.     CONCLUSION

For the reasons stated above, the decision of the district court is affirmed.


Chief Justice BEVAN, and Justices STEGNER, MOELLER, and ZAHN, CONCUR.