# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 45707

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Boise, September 2018 Term** |
| | ) | |
| **v.** | ) | **Filed: November 29, 2018** |
| | ) | |
| **DANIEL C. AMSTAD,** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **Defendant-Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District of the State of Idaho, Latah County. John R. Stegner, District Judge.

The order of dismissal entered by the District Court is <u>reversed</u> and this case is <u>remanded with instructions</u>.

Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for Appellant. Kenneth K. Jorgensen argued.

D. Ray Barker, Moscow, attorneys for Respondent. Andrea S. Hunter argued.

BEVAN, J.

## I. NATURE OF THE CASE

This appeal concerns the interpretation of Idaho Code section 37-2732. The State charged Daniel C. Amstad with violating section 37-2732 for "being present at or on premises of any place where he knows illegal controlled substances are being manufactured or cultivated, or are being held . . . ." Amstad moved to dismiss on the basis that he was in a vehicle, so his conduct did not fall within the statute. The magistrate court granted the motion and dismissed the case. The State appealed and the district court affirmed, holding that "premises" and "place" under section 37-2732 do not include a parked vehicle. We reverse and remand with instructions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On January 20, 2017, an officer noticed a vehicle with foggy windows in the parking lot near the Wallace Complex on the campus of the University of Idaho. As the officer approached

1

the vehicle he smelled marijuana. The officer knocked on the passenger door, which Amstad opened, revealing a baggie containing what the officer believed to be marijuana on the driver's lap. The State charged Amstad under Idaho Code section 37-2732 with frequenting a place where drugs were being held for use. On March 28, 2017, Amstad moved to dismiss arguing that a person cannot "frequent" a vehicle. The State responded and argued Amstad was at a "place" where drugs were being used. The magistrate court granted Amstad's motion and dismissed the case.

The State appealed, asserting that the magistrate court erred by holding that a parking lot belonging to the University of Idaho was not a "premises of any place" under Idaho Code section 37-2732(d). On December 1, 2017, the district court issued its memorandum opinion on appeal. At the outset, the district court challenged what it called the State's attempt to reframe the issue to analyze a parking lot versus a vehicle; instead, the district stated it would only analyze the issue as it was presented to the magistrate court, i.e., "whether a person can be 'present at or on the premises of any place' if they [sic] are in a vehicle." The district court later held that it was clear that the definitions of "premises" or "place" do not include a car. The State timely appealed.

### III. ISSUE ON APPEAL

Whether the district court erred when it concluded that a vehicle is not within the scope of Idaho Code section 37-2732(d).

### IV. STANDARD OF REVIEW

This Court exercises free review over statutory interpretation because it presents a question of law. *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015). On review of a decision rendered by a district court in its intermediate appellate capacity, the reviewing court "directly review[s] the district court's decision to determine whether it correctly decided the issues presented to it on appeal." *Borley v. Smith*, 149 Idaho 171, 176, 233 P.3d 102, 107 (2010).

### V. ANALYSIS

A. **The district court erred when it held that Amstad's presence in a vehicle precluded liability under Idaho Code section 37-2732.**

As we noted in *State v. Dunlap*,

[t]he objective of statutory interpretation is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in

2

the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

155 Idaho 345, 361–62, 313 P.3d 1, 17–18 (2013) (quoting *State v. Schulz*, 151 Idaho 863, 866, 264 P.3d 970, 973 (2011)). Alternatively, a statute is ambiguous where the language is capable of more than one reasonable construction. *Jen-Rath Co., Inc. v. Kit Mfg. Co.*, 137 Idaho 330, 335, 48 P.3d 659, 664 (2002). That said, "[a]mbiguity is not established merely because differing interpretations are presented to a court; otherwise, all statutes subject to litigation would be considered ambiguous." *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001) (internal citation omitted).

As a threshold matter, we must consider whether the district court erred when it determined the State was advancing a new theory on appeal. The notice of appeal which the State filed in the magistrate court noted:

The State intends to assert in the appeal that the Magistrate Judge erred in his interpretation of Idaho Code 37-2732(d). In particular, the Magistrate erred by holding that a parking lot belonging to the University of Idaho where Defendant is alleged to have violated the statute does not come within the purview of the statute.

The State's opening brief to the district court further stated the issue on appeal as follows: "Did the magistrate err in determining that the west Wallace Complex parking lot belonging to the University of Idaho is not 'the premises of any place' under I.C. § 37-2732(d)?" In its memorandum opinion the district court found that "to change the issue as being a question about a parking lot when the facts are undisputed and the existing law analyzed dealt with a person's presence in a car is to engage in sophistry." It appears that the district court was attempting to apply the basic principle that a party is not permitted to advance new theories for the first time on appeal. *See e.g., Mickelsen Const., Inc. v. Horrocks*, 154 Idaho 396, 405, 299 P.3d 203, 212 (2013). However, the district court erred when it determined that the State was advancing a new theory.

In the proceedings before the magistrate court, Amstad relied on two magistrate courts' decisions and a report of the Boise City Community Ombudsman addressing the issue. The

district court correctly quoted the State's description of the issue presented before the magistrate court.[1] The district court then took an overly narrow approach by relying on a single sentence in which the State identified the issue. We find that the State's briefing to the magistrate court advanced the broader argument that a vehicle in a parking lot is a "place." The State argued:

> Here, the stationary Honda in the Wallace complex parking lot was not used for traveling, but for smoking marijuana. Unlike the vehicles in the three opinions that were used for travelling, CH's Honda was in a fixed position, parked, stationary, and not even running. Not only did CH admit that he lets his friends use his car for smoking marijuana, Sharp, the passenger in the backseat, stated that they walked from the dorms to the car to smoke marijuana. Based on these facts, the Honda was not used for travel, but as a place that the three friends walked to for the purpose of smoking marijuana.

Later in its brief, the State argued,

> Right now, as enforcement includes cars such as CH's Honda, students in dorms walk to their cars to smoke marijuana because it is difficult to conceal in their rooms. Under Defendant's proposed construction of the statute, students will be immune from I.C. § 37-2732(d) if they just simply walk to their cars. This creates even more incentive to smoke marijuana in their cars.
>
> Not only will the increased activity in the parking lots lead to more drug use and law violations such as possession, it would create a major risk to society as well.

In light of these arguments, we hold that the State has consistently maintained that a parked car in a parking lot is a "place" for purposes of Idaho Code section 37-2732(d).

Idaho Code section 37-2732 provides, in pertinent part:

> (d) It shall be unlawful for any person to be present at or on premises of any place where he knows illegal controlled substances are being manufactured or cultivated, or are being held for distribution, transportation, delivery, administration, use, or to be given away. . . .

I.C. § 37-2732(d). The question on appeal is whether a person in a vehicle in a parking lot can be "present at or on premises of any place where he knows illegal controlled substances are . . . being held." *Id.* Statutory interpretation begins with the literal language of the statute. *Dunlap*, 155 Idaho at 361, 313 P.3d at 17.

---

[1] The State's Response to Defendant's Motion to Dismiss states: "The question presented to this Court is whether a person can be 'present at or on the premises of any place' if they [sic] are in a vehicle."

Amstad argues that for his conduct to be criminally culpable under section 37-2732(d), the definition of "place" would need to include a motor vehicle. Black's Law Dictionary defines "place" as:

> This word is a very indefinite term. It is applied to any locality, limited by boundaries, however large or however small. It may be used to designate a country, state, county, town, or a very small portion of a town. The extent of the locality designated by it must generally be determined by the connection in which it is used. In its primary and most general sense means locality, situation, or site, and it is also used to designate an occupied situation or building.

PLACE, Black's Law Dictionary (6th ed. 1990). On the other hand, "premises" is defined as: "[a] house or building, along with its grounds; esp., the buildings and land that a shop, restaurant, company, etc. uses." PREMISES, Black's Law Dictionary (10th ed. 2014). Due to the indefinite nature of the word "place" we hold that the plain language of Idaho Code section 37-2732(d) is ambiguous; therefore, this Court must construe the statute to mean what the Legislature intended it to mean by examining the literal words of the statute, the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history. *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 139 Idaho 65, 69, 72 P.3d 905, 909 (2003).

Section 37-2732 was enacted in 1971; however, the statute was amended in 1972 to add the section at issue, which read:

> It shall be unlawful for any person to knowingly frequent places where illegal controlled substances are being held for distribution, transportation, delivery, administration, use, or to be given away. . . .

Idaho Session Laws 1972, ch. 133 § 6 p. 261. In 1977 the Legislature modified subsection (d) to include the current language:

> It shall be unlawful for any person to be present at or on premises of any place where he knows illegal controlled substances are being manufactured or cultivated, or are being held for distribution, transportation, delivery, administration, use, or to be given away. . . .

I.C. § 37-2732(d). The purpose of the change was to make the charge easier to prove because the Legislature was concerned with how difficult it was to prove "frequenting" verses proving whether someone was "at or present." Minutes of the House Judiciary, Rules and Administration Committee, February 9, 1977, p.1. However, this amendment does not expressly address whether a vehicle constitutes a "place". Even so, this does not mean that a vehicle cannot be at a place or

5

on premises of any place. Indeed, a person does not leave a location simply by entering a parked vehicle.

That said, Amstad asserts that the Legislature did not intend for a person in a vehicle to be criminally liable under section 37-2732(d) because the statute does not directly reference vehicles. In support of this argument Amstad cites to a separate portion of the Idaho Code where the Legislature chose to define "premises" explicitly to include a vehicle. *See* I.C. § 37-2737A(2)(a) (as used in this section, "premises" means any: "[m]otor vehicle or vessel . . . ."). However, the Legislature's failure to mention vehicles in section 37-2732(d) does not insulate people who are in vehicles from knowingly being at a place or on the premises of a place where illegal drugs are being held under the statute. The plain reading of the statute would include a vehicle in a parking lot. Such a conveyance is "present at or on premises of any place . . . ."

Amstad opened the passenger door of the vehicle and the officer saw a baggie containing what he believed to be marijuana on the driver's lap, so Amstad was charged with violating Idaho Code section 37-2732(d). The fact that Amstad was in a vehicle does not protect him from liability under the statute. Because a vehicle can be at or on premises of a place, a person within a vehicle is also capable of being at or on premises of a place. As a result, we hold that the district court erred when it affirmed the magistrate court's decision granting Amstad's motion to dismiss.

## VI. CONCLUSION

The district court decision affirming the magistrate court is reversed and the case is remanded to the district court with instructions to reverse and remand to the magistrate court for further proceedings consistent with this Opinion.

Chief Justice BURDICK, Justices HORTON, BRODY, and Justice *pro tem* TROUT, CONCUR.

6