## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 49573

|  |  |  |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, September 2022 Term |
| | ) | |
| v. | ) | Opinion Filed: December 9, 2022 |
| | ) | |
| JESSIE DON ADAMS, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Michael Reardon, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant Jessie Don Adams. Jason C. Pintler argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent State of Idaho. Kale D. Gans argued.

_____

STEGNER, Justice.

Jessie Adams appeals an order to pay $15,053.49 in restitution stemming from his conviction of petit theft. The State charged Adams with two separate counts of grand theft. Following a jury trial, Adams was found guilty of the first charge of grand theft. As to the second charge, the jury acquitted Adams of grand theft but found him guilty of the lesser-included offense of petit theft. The district court ordered Adams to pay $15,053.49 in restitution related to his conviction for petit theft.

Adams appealed the order to pay restitution on the petit theft conviction, arguing that the district court had abused its discretion in ordering restitution in an amount greater than $999.99, "the amount associated with the statutory delineation between grand theft and petit theft." *State v. Adams*, No. 48023, 2021 WL 5895484, at *1 (Ct. App. Dec. 14, 2021) (unpublished opinion). The appeal was assigned to the Court of Appeals. *See id.* Relying on its prior decision in *State v. Richmond*, 137 Idaho 35, 43 P.3d 794 (Ct. App. 2002), the Court of Appeals affirmed the restitution order, holding that Idaho Code section 19-5304 "gives trial courts the discretion to order

1

restitution for the victim's economic loss caused by a defendant's criminal conduct, even if the actual loss is greater than one of the statutory elements of the crime itself." *Adams*, 2021 WL 5895484, at *3. Adams petitioned the Idaho Supreme Court for review, which was granted. For the reasons discussed below, we vacate the order of restitution and remand to the district court for further proceedings.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Andrew Lyons opened a painting and refinishing business named Idaho Interior Services. Jessie Adams was an employee of Idaho Interior Services from mid-2013 to December 2014, at which point Lyons sold him a ten-percent stake in the business for $4,000 and he became a co-owner. Lyons moved to Florida in March 2015, leaving Adams to run the day-to-day operations of the company in Idaho. The plan was for Adams to eventually buy Lyons' interest in the business. However, in the fall of 2016, Idaho Interior Services shut down due to financial issues.

In reviewing Idaho Interior Services' financial records, Lyons became suspicious that Adams had been misusing company funds. Specifically, Lyons discovered multiple instances in which there had been checks made out payable to the company but that money never made it into the company bank account. Additionally, there were charges to the company debit card that Lyons felt were not legitimate business expenses, such as a charge at Silverwood Theme Park in Athol, Idaho.[1]

Lyons reported his suspicions to law enforcement, and, on November 21, 2018, the State filed a criminal information against Adams, charging him with two counts of grand theft in violation of Idaho Code sections 18-2403(1), 18-2407(1)(b), and 18-2409. In Count I, the State alleged that Adams had cashed company checks for his own use. In Count II, the State alleged that Adams had misused the company debit card, using company funds for his own personal use. Adams pleaded not guilty to both counts, and the matter proceeded to a jury trial.

After the close of evidence at trial, the district court instructed the jury that, in the event it acquitted Adams of either grand theft charge, it must then determine whether Adams was guilty of the lesser-included offense of petit theft. The jury was further instructed that the only difference between grand theft and petit theft was whether "the credit, merchandise, or services exceeded one

---

[1] Athol is located approximately 400 miles north of Boise, where Idaho Interior Services was located. It takes approximately seven and a half hours to drive from Boise to Athol.

thousand dollars ($1,000) in value." The jury found Adams guilty of grand theft as to Count I. As to Count II, the jury acquitted Adams of grand theft; however, it found him guilty of petit theft, the lesser-included offense.

At sentencing, the State requested a total of $39,689.32 in restitution for both counts, $15,053.49 of which was specifically for the unauthorized debit card charges made by Adams as charged in Count II. The remaining amount of restitution ordered related to the grand theft conviction in Count I, which is not at issue in this case. Adams objected, arguing that because the jury had acquitted him of grand theft regarding the debit card charges, the district court could only order restitution for debit card charges up to $999.99. The district court disagreed with Adams's argument, reasoning that "the [c]ourt in its discretion may determine the amount of restitution to be awarded based on a preponderance of the evidence. That amount is not limited by the monetary limits of the crime charge, [sic] but shall be limited up to the amount of economic loss suffered by the victim." Finding that the State had proven the amount of economic loss by a preponderance of the evidence, the district court ordered Adams to pay $15,053.49 for the debit card charges.

Adams appealed. The Idaho Court of Appeals, which had been assigned the case, affirmed the restitution order. *State v. Adams*, No. 48023, 2021 WL 5895484 (Ct. App. Dec. 14, 2021) (unpublished opinion). Adams then petitioned this Court for review, which we granted.

## II.     STANDARD OF REVIEW

"When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court." *State v. Gonzales*, 165 Idaho 667, 671, 450 P.3d 315, 319 (2019) (quoting *State v. Schmierer*, 159 Idaho 768, 770, 367 P.3d 163, 165 (2016)).

> This Court reviews a district court's restitution order for an abuse of discretion, asking whether the trial court "(1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason." *State v. Garcia*, 166 Idaho 661, 681, 462 P.3d 1125, 1145 (2020) (quoting *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018)).

*State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021).

"This Court exercises free review over statutory interpretation because it presents a question of law." *State v. Amstad*, 164 Idaho 403, 405, 431 P.3d 238, 240 (2018).

## III.     ANALYSIS

3

**A. The district court abused its discretion by ordering restitution in excess of $1,000.00.**

On appeal, Adams argues that the district court abused its discretion by acting outside the legal boundaries of its discretion. Specifically, he asserts that the plain language of "Idaho Code [section] 19-5304 only authorizes a court to order restitution for a crime for which a defendant was found guilty beyond a reasonable doubt, absent a defendant's agreement to pay more." Because the jury acquitted him of grand theft regarding the debit card charges, Adams argues that "the jury clearly found that Mr. Adams did not steal more than $1,000.00, which is the distinction between grand theft and petit theft[.]" Adams further asserts that the Court of Appeals' decision in *State v. Richmond*, 137 Idaho 35, 43 P.3d 794 (Ct. App. 2002), which the district court relied upon in ordering restitution, was wrongly decided.

The State responds that the $15,053.49 in debit card charges were "causally connected to Adams' criminal conduct, as charged by the [S]tate, and was therefore compensable." The State points out that, pursuant to Idaho Code section 19-5304, economic loss for the purpose of restitution must be proven by a preponderance of the evidence rather than beyond a reasonable doubt. The State further argues that its reading of the restitution statute, as well as *Richmond*, better comports with the policy behind the statute: that victims of crimes be made financially whole.

We conclude that the district court abused its discretion in ordering restitution for the debit card charges in excess of $1,000.00.[2] A "district court abuse[s] its discretion by failing to recognize the outer boundaries of its discretion in failing to identify the proper standard." *State v. Garcia*, 166 Idaho 661, 682, 462 P.3d 1125, 1146 (2020). When this Court interprets statutes, the primary goal

> is to derive the intent of the legislative body that adopted the act. Statutory interpretation begins with the literal language of the statute. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The statute should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the statute so that none will be void, superfluous, or redundant. When the statutory language is unambiguous, the clearly expressed intent of the legislative body must be given effect, and the Court need not consider rules of statutory construction.

---

[2] We note that Adams argues on appeal that the district court could not have awarded restitution in excess of $999.99. However, pursuant to Idaho Code section 18-2407, a person may only be convicted of grand theft if "[t]he value of the property taken *exceeds* one thousand dollars[.]" (Italics added.) Therefore, the district court could have awarded restitution for petit theft up to and including $1,000.00.

4

*State v. Bodenbach*, 165 Idaho 577, 585, 448 P.3d 1005, 1013 (2019) (quoting *Amstad*, 164 Idaho at 405, 431 P.3d at 240).

Idaho's restitution statute, Idaho Code section 19-5304, provides that "[u]nless the court determines that an order of restitution would be inappropriate or undesirable, it shall order a defendant found guilty of any crime which results in an economic loss to the victim to make restitution to the victim." I.C. § 19-5304(2). "'Found guilty of any crime' shall mean a finding by a court that a defendant has committed a criminal act and shall include an entry of a plea of guilty, an order withholding judgment, suspending sentence, or entry of judgment of conviction for a misdemeanor or felony." I.C. § 19-5304(1)(b).

A trial court's discretion to order restitution is broad: "Restitution shall be ordered for any economic loss which the victim actually suffers." I.C. § 19-5304(2).

> "Economic loss" includes, but is not limited to, the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct, but does not include less tangible damage such as pain and suffering, wrongful death or emotional distress.

I.C. § 19-5304(1)(a). "Economic loss shall be based upon the preponderance of evidence submitted to the court by the prosecutor, defendant, victim or presentence investigator." I.C. § 19-5304(6). "The court, in determining . . . the amount of such restitution, shall consider the amount of economic loss sustained by the victim as a result of the offense, the financial resources, needs and earning ability of the defendant, and such other factors as the court deems appropriate." I.C. § 19-5304(7).

While we recognize the district court in this case had broad discretion, Idaho Code section 19-5304 authorizes a court to order restitution only for economic losses that are a result of the crime. I.C. § 19-5304(2) (A court "shall order a defendant found guilty of *any crime which results in an economic loss* to the victim to make restitution to the victim.") (Italics added.); I.C. § 19-5304(7) ("The court . . . shall consider the amount of economic loss sustained by the victim *as a result of the offense*[.]") (Italics added.); I.C. § 19-5304(1)(e)(i) (defining "victim" as one "who suffers economic loss or injury *as a result of the defendant's criminal conduct*") (italics added). This Court has additionally instructed that, "in order for restitution to be appropriate, there must be a causal connection between the conduct for which the defendant is convicted and the injuries suffered by the victim." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011).

Here, it is undisputed that the entire $15,053.49 restitution award stemmed directly from the debit card charges made by Adams. It does not include lost wages or other ancillary economic losses; rather, the entire amount consists of the direct economic loss Idaho Interior Services allegedly sustained as a result of Adams' use of the debit card. However, the jury specifically rejected that allegation: In acquitting Adams of grand theft with respect to the debit card charges, the jury found that the State had failed to prove beyond a reasonable doubt that Adams had wrongfully charged more than $1,000.00 to Idaho Interior Services' debit card. Therefore, the criminal debit card charges that occurred as a result of the petit theft offense could not have been greater than $1,000.00 and, thus, the district court erred in awarding restitution above that statutory amount. Because the district court awarded restitution for debit card charges that were not a result of the offense of petit theft, the district court acted outside the boundaries of its discretion and therefore abused its discretion.

We emphasize the narrow nature of the holding we issue today. For example, our decision in no way affects a court's ability to order a *total* amount of restitution above the direct economic loss related to the offense, nor does it affect a defendant's ability to agree to pay additional restitution pursuant to Idaho Code section 19-5304(9). Here, however, the State did not seek restitution for lost wages or other ancillary costs incurred by the victim and the district court did not award restitution for any out-of-pocket expenses related to the petit theft. Rather, the district court awarded restitution in excess of $1,000.00 specifically for debit card charges that could not have been sustained as a result of Adams' conviction for petit theft. As Adams explains in his petition for review:

> In essence, the district court vetoed the jury's verdict and found, by a preponderance of the evidence, that Mr. Adams committed grand theft. But while the preponderance of the evidence standard applies to determining the amount of "economic loss sustained by the victim as a result of the offense," it was the jury who determined what offense, or "criminal act" Mr. Adams committed.

(Internal citations omitted.)

In sum, because the district court ordered Adams to pay restitution in excess of $1,000.00 for the debit card charges, we hold that the district court abused its discretion. On remand, we instruct the district court to enter an order for restitution for which the direct economic losses due to the petit theft does not exceed $1,000.00. Additionally, to the extent that the Court of Appeals' decision in *Richmond* is contrary to our holding today, *Richmond* is abrogated. *See* 137 Idaho 35, 43 P.3d 794 (Ct. App. 2002).

## IV.   CONCLUSION

For the foregoing reasons, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

Chief Justice BEVAN, Justices BRODY, MOELLER and ZAHN CONCUR.