# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50239

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, October 2024 Term |
| | ) | |
| v. | ) | Opinion filed: February 25, 2025 |
| | ) | |
| KADENCE DAWN MARBLE, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Bonner County. Lamont C. Berecz, District Judge. Tera A. Harden, Magistrate Judge.

The decision of the district court is <u>reversed</u> and <u>remanded</u>.

Erik R. Lehtinen, Idaho State Appellate Public Defender, for Appellant. Jenny C. Swinford argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. John C. McKinney argued.

_____

MOELLER, Justice

This appeal concerns the interpretation of Idaho's "frequenting" law, which makes it a misdemeanor for "any person to be *present at or on premises of any place* where he knows illegal controlled substances . . . are being held for distribution, transportation, delivery, administration, use, or to be given away." I.C. § 37-2732(d) (emphasis added). The State charged Kadence Dawn Marble, a passenger in a vehicle initially stopped for a traffic violation, with violating Idaho Code section 37-2732(d) after she admitted to knowing there was marijuana in the vehicle.

Marble filed a motion to dismiss, arguing that a moving vehicle is not a "premises of any place" under the statute. The magistrate court agreed and granted Marble's motion to dismiss. On intermediate appeal, the district court reversed the magistrate court's order and remanded, concluding Marble's motion to dismiss was procedurally improper. Marble appeals the district

court's decision. For the reasons set forth below, we reverse the district court's decision and remand for further proceedings consistent with this opinion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2021, Deputy Zachary Fisher was on routine patrol in Sandpoint, Bonner County when he observed a Ford Ranger traveling at what he estimated to be 45 miles per hour (mph) in a posted 35 mph zone. After confirming with his radar that the vehicle was traveling 43 mph in a 35 mph zone, Deputy Fisher initiated a traffic stop. When Deputy Fisher approached the vehicle from the passenger side, he immediately detected a faint but noticeable odor of marijuana emanating from the vehicle. After checking the driver's licenses of both occupants, Deputy Fisher identified Jacob L. Crum as the driver and Kadence Dawn Marble as the passenger.

When Crum opened the glove box to collect his vehicle registration and proof of insurance, Deputy Fisher observed Zig-Zag rolling papers and asked Crum how much marijuana he had in the vehicle. Crum replied, "barely any." Crum then admitted he had "some shake," about "six (6) grams of weed," and that he had gone to Spokane to retrieve the marijuana and was planning to sell it because he was "low on money." While searching the vehicle, Deputy Fisher discovered baggies of marijuana, a scale, and other drug paraphernalia. During the stop, both Crum and Marble admitted to having smoked marijuana together three hours prior. When Deputy Fisher asked Marble if she knew the marijuana was in the vehicle, she stated, "yeah." Based on this interaction, Deputy Fisher issued Marble a misdemeanor citation under Idaho Code section 37-2732(d) for frequenting a place where "controlled substances are being manufactured or cultivated, or are being held for distribution, transportation, delivery, administration, use, or to be given away."

On March 3, 2022, Marble filed a Motion to Dismiss pursuant to Idaho Criminal Rules 12(b) and 48. In support of her motion, Marble argued that probable cause was lacking because a person cannot be found to " 'frequent' a moving vehicle under I.C. § 37-2732(d)." Marble also argued that the facts of her case were akin to those in *State v. Amado*, No. CR09-21-0853 (Bonner County D. Ct. 2021), a case decided by First District Judge Barbara A. Buchanan.[1] In *Amado*, Judge Buchanan held that one cannot frequent a moving vehicle. Lastly, Marble argued

---

[1] To avoid confusion, we have departed from our normal convention and referred to the presiding district judges in *Amado* and in this case by name. No criticism or disrespect is intended.

2

that the statute was void for vagueness as applied to the facts of her case. After a hearing on the motion, the magistrate court granted Marble's Motion to Dismiss and entered a written order dismissing the case. The magistrate court noted that the facts of the case mirrored those in *Amado*, a case in which the same magistrate judge was reversed on intermediate appeal by Judge Buchanan, who held that a person could not frequent a moving vehicle. Believing that it was bound by Judge Buchanan's previous decision in *Amado,* the magistrate court dismissed the case.

The State appealed the dismissal to the district court, then presided over by First District Judge Lamont C. Berecz. The State contended that there was nothing in the plain language of the statute indicating that a person could not be "present at or on the premises of any place" if they are in a moving vehicle. On intermediate appeal, the district court reversed the order of the magistrate court dismissing the charge on the basis that Marble's motion for relief under Idaho Criminal Rules 12(b) and 48 was not properly raised below and remanded the case for further proceedings. The district court further held that the questions of whether a moving car could be considered the "premises of any place," and whether the statute is void for vagueness as applied to Marble, were ultimately questions of fact which need to be addressed at trial; therefore, Marble's motion to dismiss was procedurally improper. Marble timely appealed the district court's intermediate appellate decision.

## II.     STANDARDS OF REVIEW

On review of a decision rendered by a district court in its intermediate appellate capacity, this Court "directly review[s] the district court's decision to determine whether it correctly decided the issues presented to it on appeal." *State v. Lantis*, 165 Idaho 427, 428, 447 P.3d 875, 876 (2019). This Court does not review the magistrate court's decision but is "procedurally bound to affirm or reverse the decisions of the district court." *Ellis v. Ellis*, 167 Idaho 1, 7, 467 P.3d 365, 371 (2020). However, "[t]his Court exercises free review over statutory interpretation because it presents a question of law." *State v. Amstad*, 164 Idaho 403, 405, 431 P.3d 238, 240 (2018) (citing *State v. Owens*, 158 Idaho 1, 3, 343 P.3d 30, 32 (2015)).

## III.     ANALYSIS

### A.  The district court erred in failing to rule on the merits of the State's appeal.

As a threshold matter, we must consider whether the district court erred when it held that the magistrate court had improperly granted Marble's motion to dismiss based on procedural

3

defects. In her motion to dismiss, Marble cited Idaho Criminal Rules 12(b) and 48 as grounds for dismissal. However, Marble did not cite these rules in her briefing to the magistrate court, nor did she articulate their applicability to her case during oral argument below. Instead, in her briefing before the magistrate court, Marble argued that the words "premises of any place" indicates a stationary area, not a moving vehicle. Therefore, Marble contended that the rule of lenity required the court to find a moving vehicle is not a place within the meaning of the frequenting statute. On intermediate appeal, the district court took issue with Marble's lack of argument directly relating to how Idaho Criminal Rules 12(b) and 48 applied to Marble's case.

Idaho Criminal Rule 47 governs motion practice in criminal cases. Rule 47 requires that a motion, except for those made during a hearing or trial, (1) be in writing, (2) state the grounds on which it is based, and (3) state the relief or order sought. I.C.R. 47. Marble's Motion to Dismiss was submitted in writing to the magistrate court on March 3, 2022, and the motion requested an order of dismissal pursuant to Idaho Criminal Rules 12(b) and 48. We conclude that because Marble's motion to dismiss properly stated a basis for relief under Idaho Criminal Rules 12(b) and 48, it satisfied the requirements of Idaho Criminal Rule 47. Therefore, the district court erroneously reversed the intermediate appeal on procedural grounds.

Idaho Criminal Rule 12(b) begins by noting that "[a]ny defense objection or request which can be determined without trial of the general issue may be raised before the trial by motion." The district court noted that, under Idaho Criminal Rule 12, it believed the "general issue" of the case was whether a moving vehicle could be a "place" or the "premises of any place." Because it believed this to be an "issue of fact," the district court held that the question needed to be resolved at trial. We disagree.

Whether a moving vehicle constitutes a "place" or the "premises of any place," as used in Idaho Code section 37-2732(d), is purely an issue of statutory interpretation; therefore, it is a question of law for the court to decide. As we explained in *State v. Adkins*:

> A legal fact is "[a] fact concerning the state of the law." *Fact*, Black's Law Dictionary (11th ed. 2019). In a jury trial, it is for the jury to determine adjudicative facts. *Lemmons*, 158 Idaho at 974, 354 P.3d at 1189. By contrast, the determination of legal facts—in other words, stating what the law is—is unquestionably the role of the court. *See United States v. Gaudin*, 515 U.S. 506, 513, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (recognizing that juries are not empowered to decide pure questions of law); *see also* I.C.J.I. 202 ("As members of the jury it is your duty to decide what the facts are and to apply those facts to the law that [the court has] given you.").

4

171 Idaho 254, 256–57, 519 P.3d 1194, 1196–97 (2022). Here, the magistrate court decided the legal question of whether a moving vehicle qualifies as "a place." Questions of law may properly be raised in a motion to dismiss pursuant to Idaho Criminal Rule 12(b). Therefore, the district court should have addressed it in its ruling on intermediate appeal.

Likewise, Idaho Criminal Rule 48 provides that the court "may dismiss a criminal action on its own motion or on motion of any party . . . (2) for any other reason if the court concludes that dismissal will serve the ends of justice and the effective administration of the court's business." I.C.R. 48(a)(2). Marble was permitted to move for dismissal in the manner she did because the determination of her motion turned on a question of law, the resolution of which could serve the ends of justice and promote the effective administration of the magistrate court's calendar. *See State v. Lantis*, 165 Idaho 427, 428, 447 P.3d 875, 876 (2019) (where this Court took no issue when the defendant moved to dismiss pursuant to Rule 48 after the State rested its case).

While Marble may not have connected all the dots for the district court in her briefing or oral argument as to why Idaho Criminal Rules 12 and 48 supported her motion to dismiss, her reference to these rules in her underlying motion was sufficient under Rule 47 to allow the magistrate court to address the issue. Thus, the district court erred on intermediate appeal when it concluded that Marble's motion for relief under Idaho Criminal Rules 12(b) and 48 was not properly raised before the magistrate court. Moreover, the district court erroneously characterized the determination of whether a moving vehicle was a "place" or "the premises of a place" as a factual question instead of a legal question. Therefore, we reverse the district court on these grounds.

Although the district court, based on these procedural rulings, did not analyze the legal question before it—whether a moving vehicle can be considered a "place" or the "premises of a place"—we will exercise our discretion and address the issue now rather than remanding it for further consideration by the district court. We are mindful that the conflicting interpretations of Idaho Code section 37-2732(d) in the First Judicial District have complicated this matter. Indeed, the magistrate court made it clear that it ruled the way it did because it had been previously reversed on this same issue in *Amado*. Therefore, to avoid a subsequent appeal on this same issue, we will take up this issue to resolve the conflicting interpretations of Idaho Code section 37-2732(d) reached in the First Judicial District.

**B. Extending the rationale of *Amstad*, we hold that a person in a moving vehicle can be "present at a place" where "illegal controlled substances are being held for distribution, transportation, delivery, administration, use, or to be given away" under Idaho Code section 37-2732(d).**

Idaho Code section 37-2732 was enacted in 1971. As we noted in *State v. Amstad*, 164 Idaho 403, 406, 431 P.3d 238, 241 (2018), the statute was amended in 1972 to add subsection (d), the subsection at issue here. *Id*; Idaho Session Laws 1972, ch. 133 § 6 p. 261. As originally drafted, section 37-2732(d) made it unlawful for any person to knowingly "frequent places" where controlled substances were being held for distribution, transportation, etc. *Id.* at 406, 431 P.3d at 241. In 1977, the legislature modified subsection (d) to its current form, which provides that:

> It shall be unlawful for any person to be *present at **or** on premises of any place* where he knows illegal controlled substances are being manufactured or cultivated, or are being held for distribution, transportation, delivery, administration, use, or to be given away.

I.C. § 37-2732(d) (emphasis added). We have previously observed that the 1977 amendment was intended to make "the charge easier to prove because the [l]egislature was concerned with how difficult it was to prove 'frequenting' versus proving whether someone was merely 'at or present.' " *Amstad*, 164 Idaho at 407, 431 P.3d at 242. Thus, Idaho Code section 37-2732(d) provides two alternative ways to satisfy its location requirement: the defendant must be "present at *or* on premises of any place." (Emphasis added). The "or" here suggests that this phrase applies to defendants who are either "present at … any place" or "present … on [the] premises of any place." We conclude that the first option—"present at any place"—plainly applies to this case.

In 2018, this Court addressed Idaho Code section 37-2732(d) in our *Amstad* decision. In *Amstad*, an officer observed a vehicle with foggy windows parked next to a campus dorm in Moscow, Idaho, and smelled marijuana when he approached the vehicle. *Id.* at 404, 431 P.3d at 239. After the officer knocked on the passenger door, he observed a bag of marijuana on the lap of the individual in the driver's seat. *Id.* Amstad, a passenger in the vehicle, was charged with frequenting under Idaho Code section 37-2732(d). Amstad moved to dismiss, arguing that a person cannot "frequent" a vehicle. *Id.* This Court determined that despite the statute being ambiguous, it is a matter of common sense that "[b]ecause a vehicle can be at or on premises of a place, a person within a vehicle is also capable of being at or on premises of a place." *Id.* at 407,

431 P.3d at 242. This Court noted that the plain reading of the statute includes a vehicle in a parking lot and the mere fact that the legislature failed to "mention vehicles in section 37-2732(d) does not insulate people who are in vehicles from knowingly being at a place or on the premises of a place where illegal drugs are being held under the statute." *Id.* Therefore, we held that the defendant in *Amstad* was properly found guilty of frequenting when the facts showed that he was in a vehicle, in a parking lot near the University of Idaho campus, while the driver had a baggie containing marijuana on his lap. Our *Amstad* decision dealt with a parked vehicle, leaving open a question of whether a person in a *moving* vehicle could be considered present at a "place" or the "premises of a place." We take up this issue today.

Statutory interpretation begins with the literal language of the statute. *State v. Clark*, 168 Idaho 503, 508, 484 P.3d 187, 192 (2021). Words are given "their plain, usual, and ordinary meanings," and "provisions are interpreted within the context of the whole statute." *Id.* Therefore, in cases "[w]here the language is unambiguous, we need not consider rules of statutory construction." *Id.* "Ambiguity is not established merely because differing interpretations are presented to the court; otherwise, all statutes subject to litigation would be considered ambiguous." *Id.* (quoting *Hamilton ex rel. Hamilton v. Reeder Flying Serv.*, 135 Idaho 568, 572, 21 P.3d 890, 894 (2001)). However, when the words of a statute are ambiguous, "this Court examines not only the literal words of the statute, but also the reasonableness of proposed constructions, the public policy behind the statute, and its legislative history." *State v. Taylor*, 160 Idaho 381, 373 P.3d 699 (2016). (alterations omitted) (quoting *Doe v. Boy Scouts of Am.*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009)).

We have already concluded in *Amstad* that Idaho Code section 37-2732(d) is ambiguous "[d]ue to the indefinite nature of the word 'place.' " *Amstad*, 164 Idaho at 406, 431 P.3d at 241. Nevertheless, this ambiguity is not so grievous that its intended meaning could not be derived by using the ordinary tools of statutory construction. *State v. Soliz*, ___ Idaho ___, 558 P.3d 716 (2024). "When engaging in statutory interpretation, this Court often begins with the dictionary definitions of disputed words or phrases contained in the statute." *See, e.g.*, *State v. Clark*, 168 Idaho 503, 508, 484 P.3d 187, 192 (2021); *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601, (2020). Since Idaho Code section 37-2732(d) does not define "place," we will look to dictionary definitions for assistance.

Black's Law Dictionary defines the word "place" as follows:

> This word is a very indefinite term. It is applied to any locality, limited by boundaries, however large or however small. It may be used to designate a country, state, county, town, or a very small portion of a town. The extent of the locality designated by it must generally be determined by the connection in which it is used. In its primary and most general sense means locality, situation, or site, and it is also used to designate an occupied situation or building.

*Place*, BLACK'S LAW DICTIONARY (6th ed. 1990). The word "premises," as in "the premises of a place," is more definite. It is defined as "[a] house or building, along with its grounds; esp., the buildings and land that a shop, restaurant, company, etc. uses." *Premises*, BLACK'S LAW DICTIONARY (10th ed. 2014).

The indefinite nature of the word "place" suggests that it should not be limited to real property as Marble urges. Instead, the Black's Law Dictionary definition supports the conclusion that "place," in its general sense, can be used to describe a "locality, situation, or site," and can be used to designate an "occupied situation." A moving vehicle certainly exists in a "locality" and can be considered an occupied situation. While its location may not be fixed until it stops, that does not mean that the vehicle and its passengers are not in a "place" while it is moving. Indeed, it can be reasonably said that a person is just as much "present at a place" while they are riding in a van on a state highway as when they are living in a van down by the river. Likewise, a person attending a party on a boat where drugs are being used is "present at a place" regardless of whether the boat is moored to a pier, anchored in the middle of a lake, slowly floating down a river, or moving quickly over rapids.

Defining "place" broadly is also consistent with the legislative history and public policy behind the statute. We have previously observed that the 1977 amendment to the provision intended "to make the charge easier to prove because the [l]egislature was concerned with how difficult it was to prove 'frequenting' versus proving whether someone was merely 'at or present.' " *Amstad*, 164 Idaho at 407, 431 P.3d at 242. Therefore, considering a person in a moving vehicle as being "present at a place" under Idaho Code section 38-2732 complies with both the literal words of the statute as defined, and the legislative intent behind the statute. While we recognize that the legislature could have spoken more clearly by defining what a place is, that does not preclude moving vehicles from being considered a "place." Indeed, as this Court has already stated, "[t]he fact that Amstad was in a vehicle does not protect him from liability under the statute." *Amstad*, 164 Idaho at 407, 431 P.3d at 242. We conclude that Marble's case is no

8

different merely because the vehicle was in motion before it was stopped by law enforcement for speeding.

To prevail on appeal, Marble asks us to conclude that she was not present in a place where marijuana was being transported because the vehicle was moving. Yet, treating a moving vehicle as if it were not a place would defy common sense. The fact that a body, such as an automobile, is in motion simply means that its location is constantly changing over time relative to its surroundings. It cannot be realistically asserted that a moving automobile does not exist anywhere until it is stopped. Indeed, it is self-evident that a moving vehicle continues to exist somewhere regardless of whether it is stationary or in motion.[2] While the term "place" is often applied to a fixed location, this does not mean that a person present in a moving vehicle exists nowhere.

In sum, if the facts alleged by the State are established beyond a reasonable doubt at trial, it would take neither an active imagination nor verbal gymnastics for a jury to conclude that Marble was knowingly present at a place where marijuana was present as she traveled in an automobile through Bonner County, Idaho. Therefore, the district court should have reversed the magistrate court's dismissal of the case.

## C. Idaho Code section 37-2732(d) is not void for vagueness.

A statute may be challenged as unconstitutionally vague on its face or as applied in a specific case. Marble argues that Idaho Code section 37-2732 is unconstitutionally vague as applied to her conduct of being a passenger in a moving vehicle. "The void for vagueness doctrine is an aspect of due process requiring that the meaning of a criminal statute be determinable." *State v. Cobb*, 132 Idaho 195, 198, 969 P.2d 244, 247 (1998). "Due process requires that all 'be informed as to what the State commands or forbids' and that 'men of common intelligence' not be forced to guess at the meaning of the criminal law." *Id.* (quoting *Smith v. Goguen*, 415 U.S. 566, 574 (1974)). "A statute is void for vagueness if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes, or if it invites arbitrary and discriminatory enforcement." *Id.* (internal citations omitted).

_____

[2] Of course, in reality, all objects and places on the Earth are constantly moving. "[A] body on the surface of the Earth may appear to be at rest, but that is only because the observer is also on the surface of the Earth. The Earth itself, together with both the body and the observer, is moving in its orbit around the Sun and rotating on its own axis at all times." https://www.britannica.com/science/motion-mechanics (last visited February 20, 2025).

For an "as applied" vagueness challenge, such as Marble's, to succeed, "a complainant must show that the statute, as applied to the defendant's conduct, failed to provide fair notice that the defendant's conduct was proscribed or failed to provide sufficient guidelines such that the police had unbridled discretion in determining whether to arrest him." *State v. Korsen*, 138 Idaho 706, 712, 69 P.3d 126, 132 (2003), *abrogated on different grounds by Evans v. Michigan*, 568 U.S. 313, 133 S. Ct. 1069, 185 L. Ed. 2d 124 (2013). In determining whether a statute is vague as applied, "[t]he words of a statute should not be evaluated in the abstract, but should be considered in reference to the particular conduct of the defendant challenging the statute." *Larsen*, 135 Idaho at 757, 24 P.3d at 705 (citing *State v. Hansen*, 125 Idaho 927, 877 P.2d 898 (1994); *State v. Marek*, 112 Idaho 860, 736 P.2d 1314 (1987)). Unless the legislature has undertaken to define the words it uses in a statute, we will give those words "their commonly understood, everyday meanings." *Id.* (citing *State v. Richards*, 127 Idaho 31, 38, 896 P.2d 357, 364 (Ct. App. 1995)).

We hold that although the term "a place" in Idaho Code section 37-2732(d) may be ambiguous, it is not unconstitutionally vague as applied in this instance because it has a commonly understood, everyday meaning. A person of common intelligence would be on notice that she was violating this statute if she remained at a place, in this case inside an automobile, while knowing illegal substances were present. Here, if the State were to prove its theory of the case beyond a reasonable doubt at trial, the jury would know that Marble not only admitted to Officer Ziegler that she was aware of marijuana in the vehicle, but she also acknowledged that she had travelled with the driver to Spokane to pick up the marijuana and had smoked marijuana several hours earlier. Thus, if the State can carry its burden of proof, this would not be a case where an individual inadvertently found herself in a location where illicit substances were present. Rather, Marble was present at a place where she knew illicit substances were being used and transported. Furthermore, if proven at trial, this interaction would not have been fleeting; indeed, there is evidence that Marble was apparently in the vehicle where this illicit substance was located over the course of several hours.

Therefore, we conclude that if these facts are established at trial, Marble was not simply in the wrong place at the wrong time and cannot claim she lacked notice of the unlawfulness of her conduct. Accordingly, we hold that Idaho Code section 37-2732(d) is not unconstitutionally vague as applied in this case.

## IV. CONCLUSION

For the reasons explained herein, the Court rules as follows: (1) we reverse the district court's procedural ruling on intermediate appeal regarding Idaho Criminal Rules 12(b) and 48; (2) we hold as a matter of law that a moving vehicle may be a "place" under Idaho Code section 37-2732(d); (3) we hold that Idaho Code section 37-2732(d) is not unconstitutionally void for vagueness; and (4) we remand with instructions to the district court to remand the case to the magistrate court for a trial on the merits.

Chief Justice BEVAN, Justices BRODY, ZAHN, and MEYER CONCUR.